WHITEHEAD AND ATHERTON MACHINE COMPANY *vs.*
WILLIAM RYDER.

Middlesex. Jan. 16. — May 16, 1885. FIELD, DEVENS, & COLBURN, JJ.,
absent.

No exception lies to the refusal to give an instruction based on facts not appearing
in the bill of exceptions.

In an action by the purchaser of a machine against the seller, for a breach of
warranty, it appeared that the plaintiff sent to the defendant an order, in writ-
ing, for " one of your latest improved eight-tool fluting machines, so arranged
as to flute both card and spinning rolls," and that the defendant accepted the
order by a letter, which contained the clause, " You may rely upon having a
first-rate machine, which will do your work in a satisfactory manner." *Held,*
that oral evidence was admissible to show that the defendant knew, before the
order was given, what the plaintiff's work was for which he required the ma-
chine. *Held, also,* that the clause, " You may rely," &c., might be a warranty,
if written with reference to this knowledge on the part of the defendant.

A machine was ordered to be made by an English manufacturer, to be fit for pecu-
liar work in this country, which object was understood by him on accepting
the order, but on the trial of the machine here it was found unfit therefor.
*Held,* in an action by the buyer against the seller, for breach of an express
warranty, that expenses incurred by the buyer in a reasonable but unsuccessful
attempt to adapt it to the purpose contemplated could be recovered.

CONTRACT, on an account annexed, for money paid, to the
amount of $549.63, for duties, freight, custom-house charges,
and labor and money expended upon a certain fluting machine
ordered of the defendant by the plaintiff, and delivered to the
plaintiff; with a count for a breach of warranty in not furnish-
ing the machine which the defendant warranted and guaranteed
to furnish.

The answer contained a general denial, and a special denial of
any breach of contract. The defendant also filed a declaration
in set-off, for the price of the machine and interest, amounting
to $944.15.

Trial in the Superior Court, before *Rockwell*, J., who allowed
a bill of exceptions, in substance as follows:

The plaintiff relied upon the order for the machine, and its
acceptance by the defendant, together with statements and repre-
sentations by the defendant to the plaintiff before the machine
was ordered. The order and the acceptance were in writing,
and were as follows:

"Lowell, Mass., July 9, 1881.

"Mr. R. N. Cottrel, Dobroyd House, Bolton, England, now at Montreal, Canada.

"Dear Sir: You will please make for us one of your latest improved eight-tool fluting machines, so arranged as to flute both card and spinning rolls. The price of the same to be £175 (one hundred and seventy-five pounds), boxed, and delivered free on board at Liverpool. The above price to include one full set of working tools and index gears necessary to cut the above-mentioned rolls.

"We are in great want of the above machine, and trust you will push it forward without delay, and let us have it sure in the two months after receipt of order as promised. Please acknowledge receipt of this and oblige,

"Very truly yours,

"A. T. Atherton, Treasurer.

"Montreal, July 28, 1881.

"Dear Sir: I am extremely obliged for your order for the fluting machine which came to hand yesterday. It shall be packed and delivered in Liverpool complete, with one set of eight tools and one set of eight index plates, price £175 net. You may rely upon having a first-rate machine, which will do your work in a satisfactory manner; it shall be put in hand at once and forwarded as soon as ever possible.

"Yours very truly,

"Robt. N. Cottrel."

The plaintiff introduced evidence tending to show that the machine failed entirely to do the plaintiff's work, namely, to flute eight-card feed rolls at one time.

It appeared that the plaintiff made some alterations and changes in the machine in the attempt to make it do his work. The plaintiff introduced evidence tending to show that these alterations and changes were an improvement and benefit to the machine, and increased its facility to do his work, but that the machine still failed to do it.

The defendant asked the judge to instruct the jury as follows:

"1. The contract between the parties being in writing, expressed in the order for the fluting machine, sent by the plaintiff's treasurer on July 9, 1881, and accepted by the defendant in his reply of July 28, 1881, no parol evidence of conversations between the plaintiff's agent and the defendant is admissible to control or modify the terms of said written order; it being agreed by the parties that the defendant literally complied with the written order, by delivering on board ship, in the harbor of Liverpool, in good order and condition, the machine and appliances called for by the terms of said written order, to wit, one of his latest improved eight-tool fluting machines, so arranged as to flute both card and spinning rolls, such as are used in England.

"2. The language of the defendant's letter containing his acceptance of the order expresses no warranty that the machine would flute the plaintiff's card rolls. The acceptance was completed, and the contract effected, in the first paragraph of defendant's letter of July 28. The words following the acceptance, 'You may rely upon having a first-rate machine, which will do your work in a satisfactory manner,' do not constitute a warranty, and formed no part of the inducement to the purchaser, for they are subsequent to the completion of the contract, and are gratuitous and without consideration.

"3. If the conversation between the defendant and the plaintiff's superintendent in its shop, prior to the date of the order, is admitted in evidence, as affecting the contract, unless the jury are satisfied that the defendant fully understood that the plaintiff's rolls differed materially from the English rolls, and, so understanding, agreed to make the machine specially adapted to flute the plaintiff's rolls, then no agreement was implied in accepting the plaintiff's order that the machine should meet these differences. In this particular the minds of the parties did not concur and meet.

"4. If the court or jury shall find a breach of warranty by the defendant in the sale of the machine, yet, the contract not being legally rescinded by the plaintiff, the measure of damages recoverable by the plaintiff for such breach of warranty is not the amount of outlays by the plaintiff for custom dues, freight charges, or alterations upon the machine, but the measure of

damages fixed by law is the difference in value at the point of delivery of the machine, namely, at Liverpool, between the contract price (that being the only evidence of value) and the actual market value of the machine as furnished by the defendant."

The judge declined to give any of these requests for instructions as prayed for, but admitted evidence of parol conversations between the defendant and the plaintiff's agent prior to the date of said written order; and instructed the jury that they might consider said conversations in ascertaining the real contract between the parties.

The judge further instructed the jury, that, there having been no legal rescission of the contract by the plaintiff, if the jury should find a breach of warranty by the defendant in the sale of the machine, then the measure of the damages recoverable by the plaintiff is the difference between the contract price (if there is no other evidence of value) of the machine as made and delivered, and its value now where it is; and in computing such damages the jury might ascertain what the plaintiff had already expended in material and labor in an honest endeavor to make the machine flute the plaintiff's card rolls, and also what the plaintiff would be obliged to expend to effect that result.

Other instructions were given by the presiding justice, which were not objected to by the defendant.

The jury returned a verdict for the defendant in the sum of $292.26; and the defendant alleged exceptions to the refusal to rule as requested, and to the instructions given, which are set out above.

*D. Peabody & A. Eastman,* for the defendant.

*G. H. Stevens,* for the plaintiff.

HOLMES, J.   The defendant's exceptions disclose nothing sufficient to enable us to deal with the first or third request for rulings.   It does not appear that the parties agreed as alleged in the first, or that any evidence was offered to control or modify the contract to be gathered from the letters.   We rather infer, so far as we can infer anything, that the conversations put in went simply to show that the defendant knew what the plaintiff's work was before the letter relied on by the plaintiff was written. We see no ground for supposing that the case goes beyond the

principles laid down in *Stoops* v. *Smith*, 100 Mass. 63; *Miller* v. *Stevens*, 100 Mass. 518; *Keller* v. *Webb*, 125 Mass. 88; *S. C.* 126 Mass. 393; and *Ollivant* v. *Bayley*, 5 Q. B. 288.

The second ruling requested was wrong. The defendant's letter in reply to the plaintiff's order must be taken as a whole. It cannot be argued seriously that the contract was concluded by the words of acceptance in the first paragraph, and that whatever followed came too late. If the last sentence had contained a stipulation in favor of the defendant, — if, for instance, it had demanded a larger price, — obviously the so-called acceptance would have been a counter offer, which would have had to be accepted in its turn before a contract was made. The same general principle would apply if the so-called acceptance should offer more favorable terms to the buyer. When, however, as here, the order is consistent on its face with the term first appearing in the acceptance, oral testimony showing that the order contemplated that term may lead to the conclusion that no further communication was necessary to conclude the contract. But whether it was or not is immaterial in this case, for both parties agree that a contract was concluded in the terms of the letters. This being so, we cannot say that the words, "You may rely upon having a first-rate machine, which will do your work in a satisfactory manner," were not more than mere words of commendation, or that, construed with reference to the facts, they did not constitute a warranty. When a representation of fact is made as an inducement to an oral purchase, no doubt the question whether it was relied on as a ground for purchasing may be material to the determination whether it is to be taken to enter into the contract as a term, or warranty. But when the contract is reduced to writing, the question whether certain expressions constitute a warranty is a matter of construction, and does not depend upon the representation or promise which they embody having afforded a preliminary inducement to entering into the contract. Every expression, which by construction is a term of one party's undertaking, is presumed to be relied on by the other when he makes the contract. *Edwards* v. *Marcy*, 2 Allen, 486, 489.

There remains the question of damages. The fundamental principle in cases of contract is, that the plaintiff is entitled to

recover such damages as reasonably may be supposed to have been contemplated by the parties, when making the contract, as the probable result of its breach, and as within the risk assumed by the defendant. *Manning* v. *Fitch*, 138 Mass. 273. This was not the case of an ordinary breach of warranty of quality upon the sale of an article of commerce. The machine was sold for use by the plaintiff in America. The warranty was that it would do the plaintiff's work here, which, it seems, required a somewhat different machine from one fit for use in England. The precise scope and object of that warranty was that the plaintiff should attempt to work with the machine here, and until then the plaintiff could not know whether the machine would do its work or not. When the plaintiff found that the machine would not work as agreed, a natural and reasonable course was to attempt to put it into condition for use as warranted. The result of the defendant's contention is, that when a man sells a machine with a warranty that it is fit for certain work in a distant place, for which it is known to be purchased, and the machine is worth its price in the market where it is made and delivered on shipboard, only nominal damages can be recovered, however unfit the machine may be for the purpose for which it is sold. This cannot be; and whether the expense of a reasonable attempt to adapt it to the contemplated use be regarded as a deduction from the actual value of the machine, or whether it be added as a distinct item of damages, it clearly ought to be allowed in some form, and enough is not disclosed to enable us to say that the form adopted did injustice in this case. See *Smeed* v. *Foord*, 1 El. & El. 602.                                    *Exceptions overruled.*