FRANCIS R. ABBOTT & others *vs.* HERBERT L. HAPGOOD
& another.

Worcester.    October 2, 1889. — November 29, 1889.

Present: MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Corporation — Contract — Damages — Former Judgment — Amendment
— Parties.*

Certain persons agreed to form a manufacturing corporation under general laws, if
they could obtain certain machinery from a firm which alone could furnish it,
and, for the purpose of carrying out their agreement, and in the name and for
the benefit of the corporation, applied therefor, informing the firm that the or-
ganization of the corporation would be proceeded with and a factory built for it
only in case they could contract with the firm for the machinery. The firm
agreed to furnish the corporation with the machinery, but subsequently refused
to deliver it, whereupon an action was brought against the firm in the name of
the projected corporation to recover damages for such refusal, in which judg-
ment was rendered for the defendant. Subsequently the corporation was fully
organized, the factory was built for it, and it started in business. *Held,* that
the projectors of the corporation could maintain an action against the firm to
recover for its breach of agreement, and that the former judgment was no bar.
*Held, also,* that the declared purpose for which the machinery was to be fur-
nished might be considered in assessing the damages.

CONTRACT in three counts, by Francis R. Abbott, Charles
Kee, and William B. Kempton, against Herbert L. Hapgood
and Alvord Smith, "late copartners under the name of Hap-
good and Smith," to recover damages for the breach of agree-
ments to furnish certain match machines and match splints.
The writ, which was dated May 12, 1888, described the plain-
tiffs as being "all of Philadelphia in the State of Pennsylvania,
as they are copartners and associated together in business under
the firm name and style Penn Match Company, Limited."

The first count of the declaration was as follows :

" The plaintiffs say the defendants, for a valuable considera-
tion, entered into a contract with them, in their associated name
and style of the Penn Match Company, Limited, to furnish the
plaintiffs with one setting and one rolling-off machine for the
manufacture of matches, which contract was reduced to writing
and signed by the defendants, a copy of which writing is hereto
annexed, marked A ; that the machines so contracted for were

not furnished on or before April 1st, 1882, as in said writing
agreed, but that plaintiffs expressly waived the non-performance
of said contract in point of time, and both parties agreed that
the performance of the said contract should proceed after said
specified time ; that the plaintiffs performed and stood ready at
all proper times to perform the said contract on their part, but
the defendants, unmindful of their obligations thereunder, on
the 24th day of May, 1882, refused to perform their said con-
tract, and have ever since neglected and refused to perform the
same, whereupon an action accrued to the plaintiffs for damages
for the breach of said contract.

" And the plaintiffs further say that they suffered great loss
and damage by reason of the breach of their said contract by
the defendants ; and specially allege that in view of the mak-
ing of the said contract they expended large sums of money
in building buildings and otherwise preparing to put said ma-
chines, for which they had so contracted with the defendants,
in use in the manufacture of matches ; and by reason of the
defendants' said defaults, plaintiffs lost large sums of money in
respect of said buildings and said business, and were greatly
delayed, interrupted, and stopped in said business, and lost by
reason of such defaults of defendants large sums of money
and great profits, and the use of such buildings, all of which
buildings, business, use of buildings, and profits were in con-
templation of both parties as dependent on the defendants'
performance of their contract at the time of the making of
such contract."

The copy of the agreement referred to and annexed was as
follows : " Athol, Mass., March 1, 1882. We, the undersigned,
agree to furnish the Penn Match Co., Limited, of Philadelphia,
Pa., one setting and one rolling-off machine at prices named
($200.00, $100.00), cash, f. o. b., on or before April 13th, 1882.
Hapgood and Smith."

The second count was substantially like the first, except that,
by the agreement alleged to have been made by the defendants,
they were to furnish the plaintiffs with four setting machines
and one rolling-off machine, according to a " written memoran-
dum of such contract." The memorandum referred to was
written beneath the agreement referred to in the first count,

and upon the same paper, and was as follows: "Accept order in addition to above of four setting, one rolling-off, to be furnished as soon as possible thereafter.   Hapgood and Smith."

The third count was substantially like the first, except that the agreement alleged to have been made by the defendants was under seal, dated March 1, 1882, was signed by them and attested by Kee, and purported to be a contract "to furnish the Penn Match Company, Limited, of Philadelphia, Penn., for one year from date, three hundred gross of the best quality match splints per day, or in such quantities as they may order."

The defendants demurred to the declaration, and assigned the following causes of demurrer: "1. Said declaration and the several counts thereof do not set forth any cause of action substantially, according to the rules contained in the statutes of the Commonwealth relating to pleading.   2. The several contracts in writing set out in said declaration are without mutuality, and never were binding on the defendants."

At the trial in the Superior Court, before *Hammond*, J., it was agreed that the questions raised by the demurrer might be there raised.   It appeared that Kempton, although formerly a partner of the other plaintiffs, had withdrawn from the firm before the commencement of this action.   Evidence was introduced tending to prove the following facts.   In February, 1882, Abbott, Kempton, and Kee agreed to form a limited liability company under the laws of Pennsylvania for the purpose of carrying on the manufacture of matches in Philadelphia under the name of the Penn Match Company, Limited, and to build a factory for the company, provided they could get the machines above referred to from the defendants, who alone could furnish them.   Thereupon, for the purpose of carrying out said agreement, and in the name of and for the benefit of the projected company, the plaintiffs applied to the defendants, who made the contracts in question, and the plaintiffs made known to the defendants that the projected company would proceed with its organization, and would cause a factory to be built for it, only in case they could make a contract with the defendants to furnish the machines.   The defendants then signed the agreements in question on the date thereof, but subsequently, by a letter dated May 24, 1882, refused to furnish the machines, and the plaintiffs

were unable to procure the machines from any other source. Subsequently, by an agreement dated October 3, 1883, the plaintiffs perfected the organization of the proposed company, the factory was built for it, and it began to do business in the factory. Evidence was offered by the plaintiffs of expenses incurred and damages sustained by the company, and of damage to them as individuals independent of their membership of the company, in consequence of the refusal of the defendants to deliver the machines and the splints. The defendants introduced in evidence the judgment rendered for them after the decision in the case of *Penn Match Company* v. *Hapgood*, reported 141 Mass. 145.

The defendants asked the judge to rule as follows:

" 1. There is no evidence to warrant a verdict for the plaintiffs.

" 2. The contracts are in terms with the Penn Match Company, Limited, and that company was not organized at the time of the contracts, and there never was any contract which would bind that company, and the plaintiffs cannot recover.

" 3. The judgment in the case of Penn Match Company, Limited, *vs.* Hapgood and another, is a bar to this action."

The judge declined so to rule, and ruled that the association, by the agreement of October 3, 1882, is so far different from the organization of the plaintiffs as general partners that in this case no damages suffered by the association can be assessed, and the only damages which can be recovered are such as the plaintiffs themselves have suffered independently of their membership of the association; and reported the case for the determination of this court.

If the rulings were correct, the case was to be sent to an assessor to assess the damages; if the demurrer should have been sustained on a ground curable by amendment, the plaintiffs were to be permitted to amend; if the plaintiffs were entitled to recover other and further damages, the verdict was to be set aside and a new trial ordered; if a verdict ought to have been ordered for the defendants, judgment was to be entered for them.

*W. S. B. Hopkins*, for the plaintiffs.

*F. P. Goulding*, for the defendants.

KNOWLTON, J.   According to the terms of the report in this case, if the demurrer should have been sustained on grounds which could have been removed by amendment, the plaintiffs are to be permitted to amend.   The defendants have made no point upon the use of the present tense instead of the past tense in the allegation in the writ as to the partnership of the plaintiffs, and if that is material it may be corrected by amendment. In each count of the declaration, after alleging that there was a valuable consideration for the defendants' contract, the plaintiffs aver that the contract was reduced to writing, and set out as the contract a writing which shows no consideration nor mutuality, but merely an undertaking on one side.   To state the contract truly, they should set out in each count their own agreement, which constituted the consideration for the agreement made by the defendants.

The substantive grounds of defence rest upon the rulings and refusals to rule in regard to the effect of the evidence.   There was an attempt to recover under the contracts now before us by a suit brought in the name of the Penn Match Company, Limited, against these defendants.   In that case the plaintiff was alleged to be a corporation, and the hearing and decision were upon a demurrer which admitted that allegation to be true.   If we assume that the limited partnership organized under the laws of Pennsylvania was so far an entity separate from the persons who were members of it that it could sue and be sued in this Commonwealth as a corporation can, it is quite clear that it was not a party to the contracts declared on.   *Penn Match Co.* v. *Hapgood*, 141 Mass. 145.   If a contract is made in the name and for the benefit of a projected corporation, the corporation after its organization cannot become a party to the contract, even by adoption or ratification of it.   *Kelner* v. *Baxter*, L. R. 2 C. P. 174.   *Gunn* v. *London & Lancashire Ins. Co.* 12 C. B. (N. S.) 694.   *Melhado* v. *Porto Alegre, New Hamburgh, & Brazilian Railway*, L. R. 9 C. P. 503.   *In re Empress Engineering Co.* 16 Ch. D. 125.

Upon the facts reported in the present case, the defendants as well as the plaintiffs must have understood that the limited partnership was only projected, and that the plaintiffs, acting jointly as individuals or as general partners, constituted the

only party who could contract with the defendants in the manner proposed. It is evident that both parties intended to enter into binding contracts. As recited in the report, for the purpose of carrying out their agreement to form a limited partnership, "and in the name of and for the benefit of the projected company, the plaintiffs applied to the defendants, who made the contracts in question, and the plaintiffs made known to the defendants that the projected company would proceed with its organization, and would cause a factory to be built for it, only in case they could make a contract with the defendants to furnish the machines."

We are of opinion, in view of the facts known to both parties, that the plaintiffs must be deemed to have been jointly contracting in the only way in which they could lawfully contract, and that they assumed the name "Penn Match Company, Limited," as that in which they chose to do business in reference to the projected limited partnership until their organization should be completed, and they should turn over the business to the new company, which would be composed of themselves in a new relation. This seems to be warranted by the language of the report, and entirely consistent with their purpose made known to the defendants; and in this way only can effect be given to their acts.

The judgment in the former suit is no bar to this action, for that suit was brought by a different plaintiff.

On the subject of damages, the report does not sufficiently state the evidence to enable us fully to determine the rights of the parties. As we understand the rule laid down by the presiding justice, that "the only damages which can be recovered are such as the plaintiffs themselves have suffered independently of their membership of the association," we are of opinion that it is too narrow. In the view which we take of the agreement, the plaintiffs contracted for articles to be delivered to themselves. They informed the defendants that they had agreed to organize a limited partnership, of which they were to be the sole members, and that they made the contracts to enable them profitably to carry on business in their new organization. By reason of the defendants' breach of contract, the plaintiffs were unable to turn over to the new company the property which

they should have received for that purpose, and they have been unable to establish that company and start it in its work under such favorable auspices, and with such an equipment for the transaction of a profitable business, as if the defendants had performed their contracts. The only damages for which the defendants are liable to any one must be recovered in this action, and, inasmuch as the machines could not be procured in the market, we are of opinion that the parties must be presumed to have contracted in reference to the declared purpose for which they were to be furnished, and that that purpose may be considered in assessing the damages. *Somers* v. *Wright,* 115 Mass. 292. *Townsend* v. *Nickerson Wharf Co.* 117 Mass. 501. *Manning* v. *Fitch,* 138 Mass. 273. *Whitehead & Atherton Machine Co.* v. *Ryder,* 139 Mass. 366. *Cory* v. *Thames Ironworks & Shipbuilding Co.* L. R. 3 Q. B. 181. *Portman* v. *Middleton,* 4 C. B. (N. S.) 322. *McHose* v. *Fulmer,* 73 Penn. St. 365.

We do not intimate that the plaintiffs are to receive any damages as members of the limited partnership, but only that the damages which they suffered, if any, by reason of the defendants' preventing them from successfully establishing and fitting out a business to be conducted by them as a limited partnership may be recovered. The mere fact that they arranged to conduct their business by a limited partnership under the statute of Pennsylvania, does not deprive them of the rights which they then had in the business, nor of the advantages which properly belonged to it. The value of the articles contracted for may be estimated in reference to their intended use in the business for which the defendants were to furnish them.

The plaintiffs are to have leave to amend their writ and declaration as they shall be advised, and the case is to stand for trial.

*So ordered.*