# HOLYOKE ENVELOPE COMPANY *vs.* UNITED STATES ENVELOPE COMPANY.

Hampden.    September 23, 1902. — October 30, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Contract*, Parties.    *Corporation.*

A corporation cannot be sued on a contract made for its benefit by its projectors before its incorporation. But *semble*, that a contract so made might amount to an offer addressed to the new company when it came into being and then could be accepted by the corporation, or that the corporation by accepting a conveyance of property in accordance with and in contemplation of the terms of a contract made by its projectors might be found to have made a new contract upon those terms.

CONTRACT for an alleged breach of an agreement in writing. Writ dated December 16, 1899.

In the Superior Court the case was heard by *Bishop*, J., who sustained a demurrer to the amended declaration. The plaintiff appealed.

The amended declaration was as follows :•

" And the plaintiff further says that it entered into a contract in writing — a copy whereof is hereto annexed — with Dean and Shibley, agents of the defendant, and whose appointees under and within the meaning of said contract the defendant became, to sell to said Dean and Shibley or their appointees, ' all its real estate situated in Holyoke, machinery, stock of all kinds, manufactured and unmanufactured, tools, pulleys, patterns, shafting, boilers, office furniture and such other appliances and appurtenances now in use and necessary for the conducting of its business, as at present, contained in their buildings in said Holyoke ; and all its business and good will as a going concern,' etc., for a valuable consideration therein expressed.

" That the defendant was the appointee of said Dean and Shibley under said contract and at the demand and request of it and of said Dean and Shibley, the plaintiff conveyed to said defendant all the real and personal estate it then owned in said Holyoke, and all property so agreed to be conveyed in said contract, and in entire compliance therewith and with the terms thereof obligatory upon it, the plaintiff, to perform.

" And said business became the property of said defendant from and after December 31, 1897. That in pursuance of the conditions of said contract the plaintiff has delivered to the defendant all matters and things therein required and has performed all the conditions and agreements of said contract on its part to be performed ; that all things have happened and been done, and all times elapsed, to entitle the plaintiff to maintain this action for the breach thereof hereinafter alleged, and that nothing has happened or been done to prevent it from maintaining the same ; but the defendant has neglected and refused to perform the conditions and agreements of said contract on its part to be performed, and has failed to make all proper accountings and adjustments and payments as it agreed and covenanted to do in said contract.

" Whereby and by reason whereof the plaintiff says that the defendant owes it the sum of thirty thousand eight hundred and seventy-nine dollars and seventeen cents.

" This count being for the same cause of action and for the same recovery as that of original declaration."

The annexed contract began as follows:

" This agreement made this fourteenth day of January, 1898, witnesseth, Whereas, Dean and Shibley of Providence, Rhode Island, have proposed the consolidation of the properties, business, and good will of The Springfield Envelope Company, The White, Corbin and Company, The Whitcomb Envelope Company, Plympton Manufacturing Company, The Morgan Envelope Company, Holyoke Envelope Company, Logan, Swift and Brigham Envelope Company, W. H. Hill Envelope Company, P. P. Kellogg and Company, and National Envelope Company, either by the formation of a corporation to take over the same, or by such other plan as shall be found practicable, and have undertaken, as bankers and brokers, to negotiate the consolidation aforesaid. Now, therefore, in consideration of one dollar paid by said Dean and Shibley, and of their agreement to give said undertakings their further attention and effort, the undersigned hereby agrees, subject to the conditions herein stated, as follows : It will sell and convey to such new company, or to said Dean and Shibley and their associates or appointees, all its real estate situated in Holyoke, machinery, stock of all kinds, manufactured and unmanufactured, tools, pulleys, patterns, shafting, boilers, office furniture, and such other appliances and appurtenances now in use and necessary for the conducting of its business, as at present, contained in their buildings in said Holyoke ; and all its business and good will as a going concern, taking payment therefor such sum of money in cash as the Audit Company of New York, or its appointee acting as appraiser in the premises, shall determine in their or his opinion a fair value therefor, plus fifty per cent thereof, plus ten per cent of the aggregate amount of the determined value and fifty per cent addition, which ten per cent shall not be less than sixty-two thousand six hundred (62,600) dollars, provided always that the value determined as aforesaid, and exclusive of the fifty per cent and ten per cent additions, shall not be less than four hundred and seventeen thousand three hundred and thirty-three and 33-100 (417,333.33) dollars. It agrees to make transfer by all necessary and proper conveyances and instruments, as devised by purchasers' counsel,

on reasonable demand and tender or payment as aforesaid, and all the property so conveyed shall be free of debt or incumbrance. It agrees that if this sale shall be completed, and this contract carried out, its business shall be considered as belonging to the purchaser from and after December 31, 1897, and all proper accountings and adjustments shall be made accordingly."

It was admitted in the plaintiff's brief that when the contract was executed the defendant corporation did not exist.

*E. H. Lathrop*, for the plaintiff.

*C. L. Long*, for the defendant.

HOLMES, C. J. The document declared on discloses no signature and does not indicate that a signature by any one other than the plaintiff was contemplated. We assume however that at its date it was at least a parol offer on the plaintiff's part. We assume further that at that time the defendant corporation had not been created. This is stated very candidly by the plaintiff and the contrary does not appear from the count. Under such circumstances, if the alleged contract was made at its date the defendant could not be a party to it. *Abbott* v. *Hapgood*, 150 Mass. 248, 252. *Penn Match Co.* v. *Hapgood*, 141 Mass. 145.

Two possible modes occur to us in which the defendant could be made liable either on the document or according to its terms. It may be that, construed with reference to the facts, the document was an alternative offer, both to Dean and Shibley to whom it was delivered, and also to the corporation contemplated by it as possibly to be formed. If the words "It will sell and convey to such new company" be taken to have addressed the new company when it came into being and if the company then accepted the offer, there is no trouble in holding the latter to the stipulations in the plaintiff's favor. *People's Ferry Co.* v. *Balch*, 8 Gray, 303, 311. On the other hand, if the defendant was not privy to the offer it may have contracted later according to its terms. There are indications that the defendant was not privy to the offer. The consideration mentioned, although partly if not wholly formal, moves from Dean and Shibley only, and this fact tends to restrict the offer to them as the only parties who could enforce the promise. But if this be so, the defendant, although a stranger to the document, still might have accepted the conveyance of the property mentioned with knowl-

edge of the terms set out in that document and upon an express or implied undertaking to perform them in consideration of the conveyance. The trouble with the declaration is that it does not allege either of the cases which it suggests as possible. Neither one of them could be made out from the allegations except by drawing conclusions of fact. Not even all the premises for such conclusions are stated, and of course in pleading we do not want the premises, which are mere evidence, but the constituent facts that themselves make a contract. As it is not unlikely that the plaintiff may have a case we shall leave it open for it to apply to the Superior Court for leave to amend.

*Judgment affirmed.*