EDMUND H. PENNELL & others *vs.* HARRIET M. LOTHROP
& another.

Suffolk.   January 24, 25, 1906. — April 3, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Contract.   Corporation.   Equity Pleading and Practice*, Parties.

A corporation cannot by adoption or ratification become a party to a contract made by individuals before its incorporation for its benefit when incorporated, although it can make a new contract on the same terms.

In a suit in equity by certain individuals and a publishing corporation against a writer of books and another publishing corporation, to enjoin the defendant publishing company from publishing the books written by the individual defendant, and the individual defendant from permitting such publication contrary to an agreement in writing between the individual plaintiffs and the individual defendant, the agreement sought to be enforced provided that the individual defendant should allow the plaintiff corporation, then about to be organized by the individual plaintiffs, the exclusive right to publish in book form all the writings of the individual defendant already published or which she should produce within a period of years still unexpired, if the individual plaintiffs should elect to publish them, otherwise, that the individual defendant should have the right to place them where she chose, and that the plaintiff corporation, then about to be formed, should pay to the individual defendant a certain royalty on the retail price of each book of the writings of the individual defendant which should be published and sold by the plaintiff corporation.   The bill alleged that books were published under and in accordance with this agreement, that subsequently the plaintiff corporation made an assignment for the benefit of creditors and that its property and business were purchased from the assignee by the defendant corporation, which at the time of the filing of the bill was publishing the books written by the individual defendant, although the plaintiff corporation was ready and willing to resume the publication of the books.   *Held,* on demurrer assigning such cause, that the plaintiff corporation not being a party to the contract was joined improperly as a plaintiff, and that the bill should be dismissed.

KNOWLTON, C. J.   This case was reserved upon the bill and demurrer, with a stipulation that if the demurrer is sustained the bill is to be dismissed, otherwise such decree is to be entered as justice and equity require.   Three individuals, in their joint interest, and a corporation are the plaintiffs, and an individual and another corporation are the defendants.   The bill is founded upon an indenture made between the individual plaintiffs, here-inafter called the plaintiffs, and the individual defendant, here-inafter called the defendant.   This agreement is as follows:
"Articles of indenture entered into this fifth day of April, A. D.

1894, by and between Harriet M. Lothrop of Concord, in the County of Middlesex and Commonwealth of Massachusetts, party of the first part and Edmund H. Pennell of Medford in the County of Middlesex, Harry E. Morrell of Hyde Park in the County of Norfolk, and Frank M. Hoyt of Chelsea in the County of Suffolk, all in the Commonwealth of Massachusetts, parties of the second part, Witnesseth : That the said party of the first part in consideration of One Dollar and other valuable considerations to her paid by the said parties of the second part hereby covenants and agrees with said parties of the second part, that she will allow the Lothrop Publishing Company, a corporation to be organized by said parties of the second part under the laws of the State of Maine, the exclusive right to publish in book form all writings of said party of the first part which now are or have been published in any form, and the exclusive right to publish in book form all writings for publication which the said party of the first part shall produce for a period of five years from the date of this instrument if they elect to publish them ; otherwise the party of the first part has the right to place them where she chooses. The power is given to the party of the first part to purchase or to have made the plates, original sketches, cuts, etc., of each future book at any time as heretofore at her own expense and hold the copyright on same, also the privilege of buying at cost any other sets of plates etc. of her writings including the copyright of same whenever she may elect.

" The right is also granted to the party of the first part to publish by subscription such books as she may elect to so publish but the party of the second part still retains the right to publish in the regular trade channels ; and the said parties of the second part hereby covenant and agree, with the said party of the first part that said Lothrop Publishing Company will pay to said party of the first part a royalty of ten per cent on the retail price of each book of the writings of the said party of the first part, which shall be published and sold by said Lothrop Publishing Company, except such books as shall be damaged by fire or water, or shall be used as editorial notices. Statements of sales shall be rendered semi-annually in the months of March and September and the royalties due shall be paid April 1 and October 1.

"In witness whereof we hereunto set our hands and seals the day and date first above written." (Signed and sealed, etc.)

The contract afterwards was renewed, and extended to April 5, 1904, without change, and again to April 5, 1909, with a change which is immaterial to the questions now before us. It is averred that action was taken and books were published under it, and that the contract is now in full force, and that "no breach of the said contract has at any time existed between the complainants and the respondent Harriet M. Lothrop." It also is stated in the bill that, on February 13, 1904, the Lothrop Publishing Company made an assignment of certain of its assets for the benefit of its creditors, that the assignees continued the business of the company until August 10, 1904, and that during that time, by some arrangement with the defendant, they published her books. This assignment seems to have been the same which is more fully set out in the case of the *Lothrop Publishing Co.* v. *Lothrop, Lee & Shepard Co., ante,* 353. It is not averred that the Lothrop Publishing Company ever has engaged in business since making this assignment, but it is stated that this company is now ready and willing again to take up the publication of the defendant's books, and that the Lothrop, Lee and Shepard Company, which became the purchaser through mesne conveyances of property conveyed to the assignees for the benefit of creditors, and which is joined as a defendant in this suit, is now publishing these books in violation of the plaintiff's rights under the contract.

In a variety of forms the plaintiffs pray that the defendant be enjoinéd from permitting the Lothrop, Lee and Shepard Company to publish her books, and that this defendant corporation also be enjoined from publishing them, and from disposing of a trademark "Pepper," alleged to have been applied to certain of her books, and be required to assign and deliver up this trademark to the Lothrop Publishing Company, the corporation which is joined as a plaintiff.

Let us first consider the contract on which the suit is founded. It is a contract between the defendant and the individual plaintiffs, and not a contract with any corporation. When it was made the Lothrop Publishing Company was not in existence, and could not be a party to a contract. In *Abbott* v. *Hapgood,*

150 Mass. 248, it was said that "if a contract is made in the name and for the benefit of a projected corporation, the corporation after its organization cannot become a party to the contract, even by adoption or ratification of it." This does not mean that after the organization of the corporation it cannot enter into a contract such as previously had been prepared. *Holyoke Envelope Co.* v. *United States Envelope Co.* 182 Mass. 171. *Penn Match Co.* v. *Hapgood*, 141 Mass. 145. *Abbott* v. *Hapgood, ubi supra.* Such a contract, as between the corporation and any other party, would have its inception when entered into by the corporation, and would require, to make it valid, the existence of all such elements as are necessary in other contracts.

The writing does not purport to be a contract with the Lothrop Publishing Company. The parties to it are the three men and Mrs. Lothrop. The obligation of Mrs. Lothrop in regard to her writings which have been published, and also in regard to those which she might at any time produce for publication, was to be binding upon her only in case these three plaintiffs should elect to publish them. The agreement to give her a royalty was the agreement of these men that the Lothrop Publishing Company should pay it. The proposed corporation was to be only an instrument to be created and used, for whose proper action the plaintiffs would be responsible. The defendant was to have no dealings with this corporation, except as an agency through which the contract with the plaintiffs was to be performed. There is no averment in the bill indicating that the defendant ever entered into any contractual relations with the Lothrop Publishing Company, or that this corporation had any connection with the publication of her books, except as the representative of the three plaintiffs, acting under their authority. The bill discloses no right of this corporation which it can enforce against the defendant. All rights enforceable under the contract belong to the three individual plaintiffs, and can be enforced by them alone. This corporation is therefore improperly joined as a plaintiff, and the demurrer on this ground must be sustained.

There is a statement in the bill that, at the time of the sale by the assignees of the Lothrop Publishing Company to one Baker,

under whom the Lothrop, Lee and Shepard Company claims title, there existed a trademark in the use of the word "Pepper", in connection with books written by the defendant, and that the defendant corporation claims a right to this trademark. There is no averment to show to whom this trademark belongs. If it belongs to the individual plaintiffs, it is certain that the Lothrop Publishing Company should not be made a plaintiff on account of it. If, in some way which is not stated, that corporation became the owner of it, there are no sufficient averments on which it can found a claim to equitable relief, and if there were, it should not be joined as a plaintiff with the three individual plaintiffs, whose rights are of a different kind under their contract.

The demurrer is sustained for the fourth and fifth causes assigned in it, which relate to the joinder of the corporation as a plaintiff. Other causes also are assigned, which it is unnecessary to consider.

*Demurrer sustained ; bill dismissed.*

*E. R. Anderson*, (*A. T. Smith* with him,) for the plaintiffs.
*E. F. McClennen*, (*H. F. Lyman* with him,) for the defendants.