ARTHUR KOPPEL *vs.* MASSACHUSETTS BRICK COMPANY.

Franklin.     May 16, 1906. — June 18, 1906.

Present: KNOWLTON, C. J., LATHROP, HAMMOND, LORING, & BRALEY, JJ.

*Practice, Civil,* Agreed statement of facts. *Corporation. Sale. Evidence.*

When a case is submitted upon an agreed statement of facts, the decision is to be made upon the facts actually stated unless there is a stipulation that inferences from the facts stated may be drawn.

A corporation cannot ratify a contract made when it was not in existence by one who assumed to act in its behalf, although it may make a new contract on the same terms.

If one sells goods to a certain person, and afterwards a corporation is created and the goods come into the possession of the corporation "by a transfer from" the person who bought them, this has no tendency to connect the corporation with the original sale.

CONTRACT for $2,728.55. Writ dated June 28, 1902.

In the Superior Court the case was submitted upon an agreed statement of facts to *Pierce,* J., who found for the plaintiff in the sum of $200.79. The plaintiff appealed.

The agreed statement of facts was as follows and no more:

"It is agreed that the charter of the defendant corporation was issued on March 19th, 1902; that a certificate under Revised Laws

Chapter 110, Sections 43 and 44, was issued on April 12th, 1902 ; that on December 30th, 1901, the items in the bill of particulars numbered 1 to 6 inclusive were ordered by P. F. Welch and were charged to him by the plaintiff, but were shipped on the dates set opposite each item ; that after incorporation the property came into the possession of the defendant by a transfer from Welch ; that Welch, upon the incorporation of the defendant, was elected its treasurer ; that after the incorporation, Welch ordered of the plaintiff for the use and with the knowledge of and in the name of the defendant the items numbered 7 to 12 inclusive ; that they were billed to P. F. Welch ; that on December 5th, 1902, the plaintiff executed to Welch a release under seal of all demands without prejudice to his claim against the Massachusetts Brick Company, in consideration of the payment by him of one thousand dollars ; that the plaintiff had no claim on Welch other than for the sale of the articles set out in this declaration and a claim for all of the items was made upon Welch, and a writ was brought against Welch for the same prior to the time of the execution of the release."

*D. Malone*, for the plaintiff.

*J. E. Crowley*, for the defendant.

KNOWLTON, C. J.    This is an appeal by the plaintiff from a judgment of the Superior Court upon an agreed statement of facts, for a sum less than that claimed by him in his declaration. The defendant did not appeal, but says in its brief that "There is no error of law shown by the record." We therefore have no occasion to consider the last part of the account, on which the finding was for the plaintiff.

Upon a submission of an action on an agreed statement of facts, the decision is to be made upon the facts actually stated. In the absence of a stipulation that inferences may be drawn from the facts stated, the question is whether the matters agreed upon establish the plaintiff's case. Neither the Superior Court nor this court can draw inferences of fact either for or against the plaintiff. *Schwarz* v. *Boston*, 151 Mass. 226. *Mayhew* v. *Durfee*, 138 Mass. 584.

In this case the disputed items of the account are for articles ordered by one Welch and charged to him by the plaintiff. Afterwards an action was brought against Welch by the plain-

tiff, to recover the price of them, and on his payment of $1,000 to the plaintiff, a settlement was made and Welch was given a release of all demands, without prejudice to the plaintiff's claim against this defendant. The defendant corporation was not in existence when the order for these articles was given, nor for nearly three months afterwards, and it was not authorized to do business under the R. L. c. 110, §§ 43, 44, until the expiration of nearly a month after its certificate of incorporation was issued, and more than two weeks after the last of the articles had been delivered to Welch.

Even if Welch had assumed to act for a corporation which was then expected to be formed, which does not appear in the statement of facts, and if the corporation had attempted to ratify his act as its agent, it could not have made the original contract binding upon it without introducing into the transaction such elements as would be a sufficient foundation for a new contract. *Penn Match Co.* v. *Hapgood,* 141 Mass. 145. *Abbott* v. *Hapgood,* 150 Mass. 248, 252. *Holyoke Envelope Co.* v. *United States Envelope Co.* 182 Mass. 171. *Pennell* v. *Lothrop,* 191 Mass. 357.

In this case nothing is stated which has any tendency to connect the defendant with the sale of these goods by the plaintiff. We have only the fact "that after incorporation the property came into the possession of the defendant by a transfer from Welch"; which, so far as it shows anything, indicates a sale by Welch to the defendant.

*Judgment affirmed.*