In re Richard A. MAXCY, Debtor.

Bankruptcy No. 81–2092–JG.

United States Bankruptcy Court,
D. Massachusetts.

Jan. 2, 1985.

Richard S. Hackel, Monheimer & Hackel, Boston, Mass., for petitioner.

Francis A. Gaimari, Lowell, Mass., for respondent.

## MEMORANDUM

JAMES N. GABRIEL, Bankruptcy Judge.

Before the Court is the Debtor's Objection to Allowance of a Proof of Claim in the amount of $28,102.28 filed by Continental Homes of New England ("Continental"). A hearing on the proof of claim and objection was held at which time the parties agreed to all the relevant facts, and submitted documentary evidence by agreement. A Supplemental Agreed Statement of Facts was filed on August 27, 1984.

Both parties filed briefs. Based upon the agreed facts and documentary evidence I find the following facts.

The debtor, Richard Maxcy, ("the debtor" or "Maxcy") had been in the contracting business prior to and during 1979. In June of 1979 he was visited by a salesman for Continental, which has its principal place of business in New Hampshire, who was soliciting business for the sale of prefabricated homes. On June 12, 1979 Maxcy executed a document for the purchase of a prefabricated "Hudson" style home for $23,134. The document (hereinafter referred to as "Exhibit A") lists the purchaser as "Robin Construction Corp., 557 Ware Street, Mansfield, Massachusetts". Maxcy signed Exhibit A as purchaser in the following manner "Robin Construction Corp., Richard A. Maxcy, Pres."

Prior to June 12, 1979 Maxcy had commenced the process of incorporating Robin Construction Corporation ("the corporation"), which he was sole officer, director and shareholder. On June 12, 1979, he had mailed the incorporation papers to the Massachusetts Secretary of State. On June 12, 1979, however, the corporation was not yet officially incorporated and was not incorporated until the Secretary of State approved the Articles of Organization on June 19, 1979.

On June 12, 1979 Continental's sales representative did not execute the agreement. He did however complete a "construction analysis" form, which also lists the buyer as "Robin Construction Corp.", and was signed "Richard Maxcy, President". Exhibit A states that the agreement was not to be effective until executed by an officer of Continental. An officer signed and mailed Exhibit A the agreement on June 20, 1979, after the official incorporation of Robin Construction Corp. The materials were delivered to Lot Number 56, Rock Road, Hanover, Massachusetts, which is the location on which Maxcy intended to construct the home for resale. All invoices for the materials were sent to and list the corporation as the buyer.

## ISSUE

The issue presented is whether a promoter is personally liable when he makes an offer on behalf of a corporation not yet in existence which offer is accepted by the offeree after official incorporation?

## DISCUSSION

■ The Court must disallow a claim which is unenforceable under applicable law against a debtor. 11 U.S.C. § 502(b)(1) (1984). The validity of claims and defenses thereto are to be determined under state law. *L. King,* 3 *Collier on Bankruptcy,* ¶ 502.02, at 502–27–28 (15th ed.Supp.1983).

■ Although the agreement specifically provides that New Hampshire law applies to the contract, the parties waived any right to assert that New Hampshire law applies because both claimant and the objecting party in their oral arguments and briefs argued under Massachusetts law. *See McKinney v. National Dairy Council,* 491 F.Supp. 1108, 1113 (D.Mass.1980). It must be presumed, therefore, that the parties have expressly chosen that Massachusetts law shall govern their obligations under the contract. Even if the parties had not waived the applicability of New Hampshire law, I would not have given effect to the contractual choice of law, for two reasons. The choice of law provision is contained in an adhesion contract, drafted unilaterally by Continental Homes on a "take it or leave it" basis, and I will not give effect to such a clause. *See* Restatement of the Law, Second, Conflicts of Law, Second, § 187, comment (b) (ALI. 2d ed. 1980). Moreover, in determining the rights of the parties on breach of contract New Hampshire conflicts rules require application of Massachusetts law. *See J.H. Home & Sons & Co. v. Bath Fibre Co.,* 272 F.2d 8 (1st Cir.1960); *Jordan v. Fitz,* 63 N.H. 227 (1884).

■ The starting point for analyzing the rights of the parties under the agreement is the time of the formation of the contract. A contract is formed when an offer is effectively accepted. *Buffington*

*v. McNally,* 192 Mass. 198, 72 N.E. 309 (1906). An offer continues in effect until effectively withdrawn or accepted. Where one party executes a bilateral agreement conditioned on an execution by the other party, it is merely an offer to enter into an agreement. *Lewis Nat'l Corp. v. Collentro,* 33 Mass.App.Dec. 8 (1965). When an offer is sent by mail, the contract becomes binding when the acceptance is mailed. *Dickey v. Hurd,* 33 F.2d 415 (1st Cir.1929). A Massachusetts corporation is liable under a contract made after incorporation to which it is a party. *Koppel v. Massachusetts Brick Co.,* 192 Mass. 223, 225, 78 N.E. 128 (1906).

In the present case, the parties to the contract were Robin Construction Corp. and Continental. Even though the corporation was not in existence when Maxcy executed the offer, the offer was not withdrawn or rejected and remained outstanding at the time the corporation was officially incorporated. The offer did not give rise to a pre-incorporation obligation. The corporation adopted the offer of the promoter Maxcy by not withdrawing the offer prior to acceptance. Since Continental accepted the offer of the corporation the contract was made post-incorporation. The corporation is solely responsible for the breach of this contract, and Maxcy, the chapter 13 debtor, cannot be held personally liable under the contract.

■ There exists a second rationale for this decision based upon principles of corporate law. A Massachusetts corporation generally is not bound by commitments made on its behalf by a promoter prior to incorporation. *Abbott v. Hapgood,* 150 Mass. 248, 22 N.E. 907 (1889). However, the corporation may be liable on a contract executed by its promoter for its benefit if the corporation accepted the benefits of the contract with full knowledge of its terms. *Framingham Savings Bank v. Szabo,* 617 F.2d 897, 899–900 (1st Cir.1980). The basis for the exception is that the offeree who dealt with the promoter is deemed to have made a continuing offer to the corporation which may be accepted by

the corporation after it is formed by acceptance of the benefits of the contract. *See Holyoke Envelope Co. v. U.S. Envelope Co.*, 182 Mass. 171, 65 N.E. 54 (1902).

The circumstances of the present case come clearly within the "continuing offer" theory. The initial offer was presented by Maxcy as President of Robin to Continental Homes. Continental Homes executed the agreement under the assumption that the contract was with Robin Construction Corporation. The items were delivered to and all relevant documents were in the name of Robin Construction. Continental Homes did not seek payment from Maxcy individually until this bankruptcy proceeding. The corporation accepted and used the materials supplied. Clearly, the parties contemplated that Robin Construction Corporation was responsible under the agreement, not Maxcy, the promoter.

Because the Court finds the claim of Continental is unenforceable against the debtor under Massachusetts law, the Objection to the Proof of Claim of Continental Homes is sustained.