PHILIP M. DESIMONE *vs.* CIVIL SERVICE COMMISSION. No. 88-P-967. July 19, 1989. *Boston. Practice, Civil*, Parties. *Civil Service*, Judicial review.

Concerning DeSimone's appeal, it is sufficient to observe that his underlying action, a complaint for declaratory judgment, was defective for failure to join the very party, viz., the city of Boston, which would have had to answer to a judgment in DeSimone's favor.

Before getting to the point of the case, it is necessary to recount the facts and prior proceedings in somewhat tedious detail. Beginning Sep-

tember, 1972, DeSimone served as a social worker for the penal institutions department of the city of Boston, assigned to the Deer Island House of Correction. In 1977, an inmate attacked DeSimone with a lead pipe. De-Simone was more than a little unsettled by that episode. So that he might recover his nerves he received an assignment to a youth resource center in Brighton, but was recalled to Deer Island in the fall of 1978. Still anxious, DeSimone requested a transfer to a downtown Boston office. It was denied. Thereupon, on December 7, 1978, DeSimone asked to use all his sick leave and "some" vacation time for the next calendar year so that he might take time off to look for a new job. He left work that day at noon. On the way to work the next morning, while stopped at a traffic light, he encountered the man who had attacked him. Severely rattled, DeSimone did not proceed to work but returned home and telephoned his department to inquire about his request for leave. He was told Deer Island was short staffed and the request was denied. DeSimone never again reported to Deer Island, nor did he communicate with his employer to explain his absence.

By letter dated December 29, 1978, the commissioner of the penal institutions department of Boston wrote to DeSimone that: (1) he had been absent since December 9, 1978, without authorization; (2) his employment was terminated "forthwith" by reason of permanent and voluntary separation; and (3) he had a right to a hearing before the appointing authority on or before January 9, 1979. Nothing happened by January 9.

There followed a request by DeSimone, made February 16, 1979, for a review under G. L. c. 31, § 38, third par., by the personnel administrator of the Department of Personnel Administration of the Commonwealth (see G. L. c. 31, § 1) whether DeSimone had been discharged for a lawful reason. The administrator concluded DeSimone had unreasonably failed to give notice of his absence to his appointing authority and had been justly fired. DeSimone appealed to the Civil Service Commission which, on February 10, 1983, denied the appeal for the reason that recourse to the commission was not available under the fourth and fifth paragraphs of G. L. c. 31, § 38, to a person who had been absent without a leave granted under G. L. c. 31, § 37.

In seeking judicial review from the Civil Service Commission, DeSimone did not have the option of the review procedure which appears in G. L. c. 31, § 44, because G. L. c. 31, § 38, fourth par., forecloses recourse to § 44 by a person reported as being on unauthorized absence. Instead, he sought a declaratory judgment asking that it be found that his absence was caused by anxiety neurosis and that he be reinstated with back pay in his job with the penal institutions department. A judge of the Superior Court heard the case as if presented under G. L. c. 249, § 4, or G. L. c. 30A, § 14, i.e., on the basis of the agency record. He concluded that DeSimone had failed to give the notice required of him, that "his reasons for not doing so are unreasonable," and that the order of the commission was to be affirmed.

The judicial proceedings constituted a playing of Hamlet without Hamlet. If DeSimone were to be reinstated with back pay, the city of Boston would bear the burden of paying him and finding a place for him. Yet DeSimone never joined the city as a party, a point which the commission had raised by motion under Mass.R.Civ.P. 12(b)(7), 365 Mass. 755 (1974). Having chosen to seek judicial review by declaratory judgment, DeSimone was bound to join "all persons . . . who have or claim any interest which would be affected by the declaration." G. L. c. 231A, § 8, inserted by St. 1945, c. 582, § 1. A declaratory judgment cannot issue if the person who will bear the expense of relief is not a party. *Millis* v. *Massachusetts Bay Transp. Authy.*, 367 Mass. 831, 834 (1975). We have had recent occasion to observe that the employer is a real party in interest in judicial review of decisions of the Civil Service Commission. *Lally* v. *Dorchester Div. of the Dist. Court Dept.*, 26 Mass. App. Ct. 724, 728-729 (1988). Parenthetically, we do not intimate that the trial judge erred on the merits.

The result in the Superior Court was correct but the appropriate disposition was dismissal of the action for failure to join an indispensible party. The judgment shall be modified accordingly.

*So ordered.*

*Michael A. DeSimone* for the plaintiff.

*Lawrence P. Fletcher-Hill*, Assistant Attorney General, for Civil Service Commission.