EDWIN E. KAARELA & another[1] *vs.* GEOFFREY F. BIRKHEAD.

No. 90-P-1508.

Worcester. May 8, 1992. - October 14, 1992.

Present: KASS, GILLERMAN, & GREENBERG, JJ.

*Contract*, Performance and breach. *Escrow. Attorney at Law*, Fiduciary duty. *Sale*, Real estate. *Practice, Civil*, Parties. *Collateral Estoppel.*

In an action for breach of contract alleging that the attorney for the seller in a failed real estate transaction had refused to return the buyer's security deposit in accordance with an escrow arrangement contained in an exchange of letters between the parties' attorneys, the judge correctly entered judgment for the buyer and his attorney in the amount of the deposit, where the seller's attorney, by depositing the escrow fund in his fiduciary account, accepted the escrow arrangement, and was bound to return the deposit when the express condition of the underlying agreement was not met. [412-413]

There was no merit to the claim by the defendant in a civil action that the action should have been dismissed for the plaintiffs' failure to join others as necessary and indispensable parties under Mass.R.Civ.P. 19 (a). [413]

A judgment dismissing a law firm as a party to an interpleader action in Virginia did not bar, on collateral estoppel principles, a breach of contract action in Massachusetts against a partner of the law firm over the defendant's alleged failure to perform an escrow agreement, where the causes of action in the two cases were not the same or substantially the same and where no decision on the merits of the dispute had been incorporated into the judgment of dismissal. [413-414]

CIVIL ACTION commenced in the Superior Court Department on September 24, 1984.

The case was heard by *Elizabeth B. Donovan*, J.

*George M. Thompson, Jr.*, for the defendant.

*Anne Marie Hurley* for the plaintiffs.

[1] John F. Sheehan.

GREENBERG, J. Two lawyers, Edwin E. Kaarela and Geoffrey F. Birkhead, representing the parties to a failed real estate deal have clashed over the return of the deposit money for nearly a decade. The litigation commenced in the Commonwealth of Virginia where Mr. Birkhead maintained his practice. Later in 1984, Mr. Kaarela, the buyer's attorney, brought the present suit for breach of contract alleging that Mr. Birkhead had failed to perform an escrow agreement with respect to the security deposit.

After a jury-waived trial in August of 1989, a judge of the Superior Court made findings of fact which are substantially uncontroverted. Together with his client's deposit of $10,000 to secure the purchase of real estate located in Fitchburg, the plaintiff, Mr. Kaarela, forwarded two copies of an agreement to the defendant, Mr. Birkhead. One of the terms of the accord, later signed by their clients, provided that the buyer, Sheehan, would assume the sellers' outstanding first mortgage on the property. In his letter to the defendant enclosing the two copies, Mr. Kaarela stated that it was a condition of the agreement that, in the event the buyer was unable to assume the mortgage, the agreement was void and "all advances made by (his client) shall be promptly returned." Mr. Birkhead placed the deposit in his firm's clients trust fund account, drafted an appropriate deed and forwarded it to Mr. Kaarela with instructions that Mr. Kaarela should hold the deed in escrow until the bank approved the assumption of its mortgage by the buyer.

By mid-January of 1982, Sheehan's hopes were dashed. The bank would not approve the proposal because the sellers had failed to satisfy another debt to the bank. Mr. Kaarela routinely, so he thought, requested a return of the deposit, but Mr. Birkhead, through his law firm, Crenshaw, Ware, and Johnson, filed an action in interpleader in a Virginia court. The deposit was paid into court, against both parties to the agreement, and the law firm was dismissed from the action. No decision on the merits of the dispute was incorporated into the judgment of dismissal. In September, 1984,

the plaintiffs brought the instant action and obtained a judgment for the amount of the deposit.

1. The decision in this matter rests upon the application to the present facts of the so-called "escrow" arrangement contained in the exchange of letters between the attorneys. In *Childs* v. *Harbor Lounge, Inc.*, 357 Mass. 33, 35 (1970), the court said, "To deposit a sum in escrow is simply to deliver it to a third party to be held until the performance of a condition or the happening of a certain event." See 2 Corbin, Contracts §§ 414-415 (1950). Mr. Birkhead argues that, in order for an escrow agreement to be binding, it must be "part of an underlying agreement between the principals and cannot exist in a vacuum." There is no case law to support this point, and all of the cases cited by the defendant are inapposite.

The escrow arrangement worked out by the attorneys, as outlined in their correspondence, constituted their agreement: if Sheehan was unable to assume the sellers' mortgage, without any fault of his own, then all obligations of both parties would cease and the deposit was to be refunded. That understanding between the attorneys was unambiguous.

The judge's finding for the plaintiffs was not premised on any theory of law involving the defendant's liability as an agent, but was more aptly based upon a long-standing principle of personal liability incurred by a fiduciary. It was said in *Jenkins* v. *Bacon*, 111 Mass. 373, 379 (1873), that "[the escrow agent's] duty was to keep the deposit; he could not dispose of it without the express or implied authority of the depositor. . . . In so doing, he subjected the plaintiff to a risk which he had not contemplated, and did an act not authorized by the terms of his trust." "Although the escrow holder is not the agent of either of the parties, he is a fiduciary of both of them." Restatement (Second) of Agency § 14D app., reporter's note at 60 (1958). Thus the defendant, by depositing the escrow fund in his fiduciary account, was bound to return it if the financing agreed upon fell apart; or, in the language of the law, the express condition of the underlying

agreement was not met. The deposit of the escrow funds constituted an acceptance of the escrow arrangement.

Mr. Birkhead also contends that, because his clients never assented to the escrow terms, no agreement existed. The short answer is that there is record support for the judge's finding that the deposit was not delivered to Mr. Birkhead as an agent for his clients, rather to be held by him and returned if the bank refused the buyer's request to assume the mortgage. No other purpose could have been served by the exchange of the attorneys' letters. It is "the intention of the parties at the time of deposit [with the agent that] is controlling." *Progressive Iron Works Realty Corp.* v. *Eastern Milling Co.*, 155 Me. 16, 20 (1959).[2]

2. The defendant claims that the plaintiffs' action should have been dismissed for failure to join the sellers as necessary and indispensable parties under Mass.R.Civ.P. 19(a), 365 Mass. 765 (1974).[3]

While the sellers might have been helpful defense witnesses at the trial, only the parties to this action were necessary to litigate the existence of the escrow agreement. Even if the sellers were proper parties to the action, we hold that they were not necessary parties. So far as which of the two opposing claimants under the agreement is entitled to the escrow deposit, that subject was not before the judge. Having chosen to bring their action against the defendant for breach of his fiduciary duty, the plaintiffs were not bound to join "all persons . . . who have or claim any interest which would be affected by the [outcome]." Contrast *DeSimone* v. *Civil Service Commn.*, 27 Mass. App. Ct. 1177, 1179 (1989).

3. The defendant also argues that the Virginia judgment of dismissal from the earlier interpleader action should be given full faith and credit and bars the instant action by reason of

---

[2]Following the same reasoning we also reject Mr. Birkhead's contention that the escrow arrangement amounted to a modification of the purchase and sale agreement and fails for lack of consideration.

[3]Mr. Birkhead's motion to dismiss, and his subsequent motion for leave to join the sellers by a third-party claim pursuant to Mass.R.Civ.P. 14(a), as amended, 385 Mass. 1211 (1982), 15, 19(a) and 22, 365 Mass. 761, 765, 767 (1974), were both denied prior to trial.

collateral estoppel. We do not have the benefit of any information in the trial record concerning the claims raised in that action. A copy of the final judgment was included in the appendix to the plaintiffs' brief. Neither the parties nor the cause of action are the same in the instant case. The Virginia action was apparently brought by Crenshaw, Ware, and Johnson against the sellers as a prophylactic measure, pending resolution of the dispute over the failed deal.[4]

What remained for the defendant to demonstrate to the judge in the instant case, however, was not whether the matter grew out of the same events, but whether the proof and substantive issues were identical. *Harlow* v. *Bartlett*, 170 Mass. 584, 592 (1898). *Sherman* v. *Werby*, 280 Mass. 157 (1932). It is clear that the causes of action in the two cases are not the same, nor substantially the same, and, further, that the plaintiffs are not bound by a judgment rendered in Virginia which merely established a statutory escrow account.[5]

4. In his last argument, the defendant claims the unusual relief of an assignment of the plaintiff Sheehan's rights pending in the Virginia action under Mass.R.Civ.P. 19(b), 365 Mass. 765 (1974). We view this as another veiled attempt at joinder, twice properly denied prior to trial. The defendant has brought no Massachusetts authorities to our attention which support such a dubious proposition.

*Judgment affirmed with double costs.*

---

[4]As he was impleaded in the Virginia case, the plaintiff Sheehan filed an answer to the effect that the deposit he paid to the defendant was held in escrow subject to "certain specific conditions" set forth in the November 4, 1981, letter of Mr. Kaarela to Mr. Birkhead.

[5]Section 8.01-335 of the Virginia Code Ann. (1992), allows the Virginia courts to strike permanently a case from its docket for want of prosecution. Even though the interpleader action was struck from the active docket, the Virginia court comptroller maintains the interest-bearing account holding the disputed $10,000.