Island Transportation Co., Inc. *vs.* Madalyn A.
Cavanaugh & another[1] (and a companion case[2]).

No. 99-P-2097.

Bristol. January 14, 2002. - May 8, 2002.

Present: Brown, Kass, & Kantrowitz, JJ.

*Practice, Civil,* Directed verdict, Opening statement. *Workers' Compensation Act,* Failure to obtain insurance.

On a claim by an employer against insurance brokers, who had agreed to procure workers' compensation insurance for a new corporation established to replace the employer's bankrupt corporation, but who had failed to do so, leaving the employer uncovered for the consequences of work-related injuries sustained by an employee, which claim was consolidated with the employee's third-party beneficiary claim against the new corporation, the judge, upon conclusion of opening statements before the jury in which the employee's claim, while failing to state a cause of action, was saved by additional facts stated in the employer's opening, correctly directed a verdict against the employer whose bankrupt corporation had no contract with, or claim against, the defendants to assert or protect, but erred in directing a verdict against the employee, whose claim was an independent one. [653-655]

Civil actions commenced in the Superior Court Department on November 30, 1993, and June 17, 1996, respectively.

The cases were tried before *Richard J. Chin*, J.

*Donald A. Macksey* for Island Transportation Co., Inc.

*Edmund M. Hurley* for Keith Russell.

*Richard F. Wholley* for Madalyn A. Cavanaugh & another.

Kass, J. Upon the conclusion of opening statements before a jury, a judge of the Superior Court directed verdicts for the defendants. We affirm as to the plaintiff Island Transportation Co., Inc., but reverse as to the plaintiff Keith Russell.

---

[1] Kevin Cavanaugh.

[2] Keith Russell *vs.* Madalyn A. Cavanaugh and Kevin Cavanaugh.

1. *Nature of the actions.* Keith Russell, a truck driver, was badly hurt in a work-related accident in New Jersey on November 5, 1990. His employer, identified in his complaint as Island Companies, Inc., had no workers' compensation coverage in force that day. Reduced to its core, the claim of Island Transportation Co., Inc., is that Madalyn and Kevin Cavanaugh, insurance brokers, agreed to put in place workers' compensation insurance for a new corporation, Island Companies, Inc., effective November 1, 1990. The Cavanaughs failed to do so, leaving Island Transportation Co., Inc. (so the complaint alleges), uncovered for the consequences of work-related injuries and, therefore, out-of-pocket in excess of $80,000 for workers' compensation payments it paid directly to Russell.

As for Russell, he claimed against the Cavanaughs as a third-party beneficiary of the contract between Island Companies, a corporation in the process of formation on the date of the accident, and the Cavanaughs. At the time he filed his complaint, Russell alleged that he was entitled to $199,800 in benefits under New Jersey workers' compensation law, and that he had continuing entitlement to benefits by reason of his disability and medical expenses. He seeks to recover from the Cavanaughs what workers' compensation insurance would have made available to him had coverage been in place. The right, in Massachusetts, of an employee to recover from an insurance agent or broker in such circumstances was established by the decision in *Rae* v. *Air-Speed, Inc.,* 386 Mass. 187, 194-196 (1982). Russell's action was consolidated for trial with that of Island Transportation Co., Inc.

2. *Directed verdicts on the opening statements.* Trial counsel for Russell made the first opening statement. He described to the jury the injuries Russell had sustained and their consequences in terms of the quality of Russell's life. Missing was any statement about who Russell's employer was and whether that employer had asked the defendants for insurance coverage. Russell's counsel said both that Russell "considered Mike Perette as his employer" and "Mr. [Russell][3] didn't know who he worked for, what it said on the check, except that Mike Perette

[3]Counsel in fact said Mr. Perette didn't know who he worked for but the context of the sentence in which that appears compels the conclusion either

always signed his check." The closest counsel came to describing a cause of action was when he said, "[T]his case is really about a mistake. Someone said they'd do something, and they forgot, we say, or they didn't undertake it properly." Who that someone was, what mistake that someone made, and how it connected to Russell went unsaid. Even against the indulgent standard applicable to opening statements, about which we shall say more, the statement on behalf of Russell fell markedly short of describing a cause of action.

Counsel for the defendants, the Cavanaughs, moved for a directed verdict at the conclusion of the Russell opening statement but encouraged the trial judge not to act on the motion until the conclusion of the opening statement on behalf of Island Transportation Co., Inc. Indeed, it was possible that the opening statement in the companion case might so supplement what had been said on behalf of Russell that the outline of the cause of action articulated in Russell's complaint would appear. In fact, that is what happened. Compare *Martin* v. *Hall*, 369 Mass. 882, 884-885 (1976); *General Elec. Co.* v. *Assessors of Lynn*, 393 Mass. 591, 599-600 & n.3 (1984).

From the opening statement for Island Transportation Co., Inc., we learn that the Mike Perette to whom Russell's lawyer had referred, was Michael Perette, the principal (presumably controlling stockholder and principal officer — the record divulges no details) of Island Transportation Co., Inc. That second opening statement goes on to state: Island Transportation Co., Inc., was in bankruptcy; that the corporation, for "business reasons having to do with the union," established "a labor leasing company . . . and its name was Morane."[4] Morane, the statement went on, employed Russell as of October 31, 1990; Morane, too, needed to seek protection in bankruptcy, and by October 31, 1990, both Island Transportation Co., Inc., and Morane had wound up their business.

Perette (we continue to set forth what was in the opening

that there was an error in transcription or that counsel experienced a slip of the tongue.

[4]The complete name of Morane was Morane Labor Leasing. Its base is in East Freetown. Island Transportation Co., Inc.'s place of business was in Freetown.

statement on behalf of Island Transportation Co., Inc.) regrouped his trucking business in a new corporation, Island Companies, Inc.[5] As part of cranking up Island Companies, Inc., Perette asked the defendant Kevin Cavanaugh if he could obtain workers' compensation insurance for the new business entity by November 1. Kevin Cavanaugh said he could and furnished Perette with an application for a workers' compensation policy. On October 29, Kevin Cavanaugh picked up a check in partial payment of the premium for the policy. There was a further conversation the following day in which Kevin Cavanaugh reassured Perette that he would "have that policy by November 1st." The insurer did not in fact issue the policy until November 6, effective that date — one day after Russell's accident.

We have recounted the opening statements in some detail to set an explanatory stage for what the judge did when defense counsel moved for a directed verdict as to Island Transportation Co., Inc., as well. After having heard the two opening statements, the judge heard argument of counsel, invited memoranda of law, and adjourned proceedings in the case for the day to enable the lawyers to write them. The next morning he allowed the motions for a directed verdict with the following observations:

> "Keith Russell makes no claim that he's an employee of Island Companies, Inc., and, in fact, says he doesn't know who he was employed by."

> "As to Island Transportation Co[.], Inc. any claim that's being made against the defendants is on behalf of Island Compan[ies], Inc.; and if there was a claim, Island Transportation Co[.], Inc., has no claim."

3. *Discussion.* It is the general tenor of the case law dealing with the authority of a trial judge to direct verdicts on opening statements that it is a power to be exercised circumspectly and sparingly. *Upham* v. *Chateau de Ville Dinner Theatre, Inc.,* 380

---

[5]Through the date of the accident, November 5, 1990, Island Companies, Inc., was only a de facto entity, i.e., no articles of organization of that new corporation had been filed and, indeed, so far as appears, had not yet been drawn up. Articles of organization were not filed with the Secretary of the Commonwealth until November 21, 1990.

Mass. 350, 351 n.2 (1980). *Hubert* v. *Melrose-Wakefield Hosp. Assn.*, 40 Mass. App. Ct. 172, 176 (1996). There is a preference for deciding cases "upon sworn evidence rather than upon an anticipatory statement of counsel. . . . In instances involving close questions, the safer course is to hear the evidence." *Douglas* v. *Whittaker*, 324 Mass. 398, 400 (1949). All the same, after the cautionary notes, when an opening statement fails to describe the elements of a cause of action, it is appropriate to direct a verdict for the defendant. *Wornat Dev. Corp.* v. *Vakalis*, 403 Mass. 340, 348 (1988). In part, this is such a case.

The opening on behalf of Russell, as we have already observed, failed to state that he had ever been employed by any person or entity who applied for insurance at the end of October, 1990. Treating the Russell opening indulgently, one could say that he worked for Perette, but there is no statement that Perette, in his name, tried to buy workers' compensation insurance through the Cavanaugh agency. The opening of Island Transportation Co., Inc., however, filled in the missing factors. It first described the financial failure of Island Transportation Co., Inc., and the alleged labor leasing company, which carried Russell on its payroll until October 31, 1990. Counsel went on to say in the opening that Perette took steps to get the new company, Island Companies, Inc., organized; informed his customers that operators of his trucks would be employed by Island Companies, Inc.; informed the Teamsters union that Island Companies, Inc., would make the requisite contributions to the union health and welfare fund; and, most significantly in connection with the case at hand, arranged with the defendants to have workers' compensation insurance in force for the new company as of November 1.

Perette could be seen as the promoter of the nascent Island Companies, Inc. As such, he would be liable upon, and entitled to the benefit of, contracts that he had made in behalf of the corporation to be formed. *Computer Corp. of America* v. *Zarecor*, 16 Mass. App. Ct. 456, 460 n.5 (1983), and cases and authorities there cited. See also Peairs, Business Corporations § 222 (2d ed. 1971).

The trial judge misled himself by treating the Russell claim as derivative of that of Island Transportation Co., Inc. If, as he

rightly perceived (see below), Island Transportation Co., Inc., had no interest to assert or protect, the judge appears to have thought, the Russell claim fell with it. The Russell claim, however, is an independent action. As is apparent from *Rae* v. *Air-Speed, Inc.*, 386 Mass. at 194-196, a third-party beneficiary action of this sort need not piggy-back on an action between the contracting parties. The independent cases brought by Russell and Island Transportation Co., Inc., were consolidated for trial to save judicial and lawyer resources, a circumstance that, as it turned out, rescued the fatally flawed opening for Russell. We intimate no opinion about Russell's ability to prove his case against the Cavanaughs but, tacking the two openings together, he may have his day in court.

As to Island Transportation Co., Inc., the case stands differently. That corporation was actively engaged in folding up its operations and going into bankruptcy at the end of October, 1990. Island Transportation Co., Inc., the *only* named plaintiff in pursuit of what might be described as Perette's interest, attempts an argument that it should be seen as a promoter of the inchoate Island Companies, Inc. That is wholly unpersuasive. Island Transportation Co., Inc., in its defunct condition, was winding up, not forward. It could not simultaneously declare bankruptcy and make an investment in a new venture. Both Perette and Island Companies, Inc., were singularly absent from the roster of plaintiffs, for reasons best known to those persons. On the basis of its opening, Island Transportation had no contract with, or claim against, the defendants. The judge rightly directed a verdict against it.

As to Russell, the judgment is reversed and the case shall stand for trial. As to Island Transportation Co., Inc., the judgment is affirmed.

*So ordered.*