Murtagh, J.
This matter is before the court on the request of the defendant Western World Insurance Company (“the defendant”), for amotion to dismiss the complaint of the plaintiff, FRE Building Company, Inc. (“the plaintiff’). In support of its motion, the defendant argues that the plaintiffs claim for declaratoiy relief should be dismissed because the plaintiff failed to demonstrate a justiciable controversy under G.L.c. 231 A, § 1 and failed to include necessary parties to this action pursuant to Mass.R.Civ.P. 12(b)(7) and 19(a). In the alternative, the defendant requests that this court transfer this matter to the Suffolk Superior Court Business Litigation Session. In opposition, the plaintiff maintains that it has met the requirements of G.L.c. 231A, §1, as well as included all necessary parties to this declaratory judgment action. For the following reasons, the defendant’s motion to dismiss is DENIED.

BACKGROUND

For purposes of this motion to dismiss, the court summarizes the allegations in the complaint as follows.
The plaintiff is the general contractor employed to provide construction services at a building project (“the project”) in Bellingham, Massachusetts. The plaintiff entered into a construction contract (“the contract”) with defendant JB&D Construction of NJ, Inc. (“JB&D”) to provide carpentry work and other related services at the project. The terms of the contract required and obligated JB&D, a subcontractor for the plaintiff, to procure liability insurance and to name the plaintiff as an additional insured under JB&D’s liability policy. The defendant issued an insurance policy providing “Commercial General Liability” coverage to JB&D and designated the plaintiff as an additional insured.
On December 30, 2002, Iris Almeida (“Almeida”), a carpenter employed by JB&D, allegedly sustained bodily injuries while working at the project. On September 15, 2003, Almeida notified the plaintiff of his intent to file a civil action seeking recovery of his alleged losses by serving a G.L.c. 93A demand letter *301 upon the plaintiff as well as a copy of the complaint which Almeida intended to file.[2]
In a letter dated September 22, 2003, the defendant agreed to indemnify and defend the plaintiff in a potential lawsuit brought- by Almeida. However, the defendant then retracted this agreement to defend and indemnify the plaintiff in a letter dated February 6, 2004.
The plaintiff filed the instant action on October 18, 2004, seeking declaratory relief under G.L.c. 231 A. In essence, the plaintiff requests a declaratory judgment that it is entitled to be defended and indemnified by JB&D and the defendant in an action filed by Almeida in accordance with the terms of the written contract between JB&D and the plaintiff, and with the insurance policy issued by the defendant naming the plaintiff as an additional insured.

DISCUSSION

When evaluating the sufficiency of a complaint, the court must accept as true the well pleaded factual allegations of the complaint, as well as any inferences which can be drawn therefrom in the plaintiffs favor. Faimeny v. Savogran Co., 422 Mass. 469, 470 (1996); Eyed v. Helen Broad Corp., 411 Mass. 426, 429 (1991). A complaint should not be dismissed “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All inferences should be drawn in the plaintiffs favor in the complaint “so as to do substantial justice.” Ourfalian v. Aro Mfg. Co., Inc. 31 Mass.App.Ct. 294, 296 (1991).

A. Justiciable Controversy

The defendant argues that because Almeida has yet to actually file a complaint in court against the plaintiff, the plaintiffs claim for declaratory relief cannot satisfy the actual controversy requirement set forth in G.L.c. 231A, §1. This court does not agree.
G.L.c. 231A authorizes this court to “make binding declarations of right, dufy, status, and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen and is specifically set forth in the pleadings and whether any consequential judgment or relief is or could be claimed at law or in equity or not.” G.L.c. 231A, §1. To obtain declaratory relief, there must be a “ ‘real dispute’ caused by the assertion by one party of a duty, right, or other legal relation in which he has a ‘definite interest’ in circumstances indicating that failure to resolve the conflict will almost inevitably lead to litigation.” District Attorney for the Suffolk Dist. v. Watson, 381 Mass. 648, 659 (1980), quoting Bunker Hill Distrib., Inc. v. District Attorney for the Suffolk County, 376 Mass. 142, 144 (1978). An actual controversy exists for purposes of G.L.c. 231A “where the circumstances . . . indicate that, unless a determination is had, subsequent litigation as to the identical subject matter will ensue.” Boston v. Keene Corp., 406 Mass. 301, 304 (1989). A declaratory judgment action “is a vehicle for resolving actual, not hypothetical, controversies.” Quincy City Hosp. v. Rate Setting Comm'n, 406 Mass. 431, 439 (1990).
In the present case, a justiciable controversy exists between the plaintiff and the defendant for purposes of G.L.c. 231A, §1. Alemida served a G.L.c. 93A demand letter upon the plaintiff, evidencing his firm intention to file a civil action against the plaintiff. Contrary to the defendant’s assertions, this matter does not pertain to hypothetical controversies simply because Almeida has not yet filed suit against the plaintiff. Just as “the case law does not compel insurers to defend claims as a prerequisite to bringing a declaratory judgment action to [determine] whether they have a duty to defend,” Dorchester Mut. Fire Ins. Co. v. First Kostas Corp., Inc., 49 Mass.App.Ct. 651, 656 (2000), neither must insureds wait until a claim is filed against them before determining whether they will be defended. See also Boston Symphony Orchestra, Inc. v. Commercial Union Ins. Co., 406 Mass. 7, 15-16 (1989) (“[T]he availability of an action for declaratory relief should not be ignored by insurance companies. The existence of a duty to defend can be established quickly and efficiently in such an action where there is a question as to the applicability of an insurance policy”). The policy underlying the declaratory judgment statute is to afford relief from uncertainty and insecurity with respect to the rights of parties. See Nelson v. Commissioner of Corr., 390 Mass. 379, 388 (1983). This policy is not advanced by requiring the plaintiff to postpone seeking a determination of its rights under an indemnity contract until a law suit is actually filed against it. Accordingly, this court finds that the plaintiff sufficiently set forth an actual controversy for purposes of a declaratory judgment.

B. Necessary Parties

The defendant argues that the plaintiffs claim should be dismissed pursuant to Mass.R.Civ.P. 12(b)(7) because the plaintiff failed to join three (3) necessary parties, including Almeida, Liberty Mutual Insurance Company (“Liberty Mutual”), the plaintiffs insurance carrier, and Fafard Real Estate and Development Corp. (“Fafard”), another insured of Liberty Mutual who is identified as a defendant in Almeida’s draft complaint. Again, this court disagrees.
Pursuant to Mass.R.Civ.P. 19(a), “[a] person who is subject to service of process shall be joined as a party in the action if ... in his absence complete relief cannot be accorded among those already parties.” Under Rule 19(b), if a person described in Rule 19(a)(1) “cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should *302 be dismissed, the absent person thus being regarded as indispensable.” Mass.R.Civ.P. 19(b). Moreover, G.L.c. 231 A, §8 requires that “all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.” Thus, a declaratoiy judgment cannot issue if the person who will bear the expense of relief is not a party. Desimone v. Civil Service Comm’n., 27 Mass.App.Ct. 1177, 1179 (1989).
Here, the plaintiff included all necessary parties to this declaratory judgment action such that dismissal is not required. The plaintiff seeks to enforce a contractual agreement involving the defendant and JB&D. That is, the plaintiff requests a declaration that JB&D is contractually obligated to procure liability insurance naming the plaintiff as an additional insured and that the defendant is contractually obligated to defend and indemnify the plaintiff in a civil action brought by Almeida. This is a dispute between parties to a contract, all of whom are properly before the court.
This court finds the defendant’s arguments with respect to the necessity of including additional parties unpersuasive. Liberty Mutual, the plaintiffs insurer, is not a necessary party to this action, as there is no existing dispute between the plaintiff and Liberty Mutual regarding insurance coverage. Additionally, Almeida, the potential plaintiff, claims no interest which would be affected by a declaration in this matter. His rights, as a potential tort claimant, will not be prejudiced if he is not named a party to this proceeding, as this matter is a contract dispute to which he is not a party. Similarly, Farfard is not a party or beneficiary of the insurance indemnity contract at issue, thus it has no claim or interest which will be affected by a resolution of this dispute. None of the parties identified by the defendant have an interest relating to the subject matter of this action within the meaning of Mass.R.Civ.P. 19(a). See Martell v. Teacher’s Ret. Bd., 20 Mass.App.Ct. 188, 191 (1985) (rejecting defendant’s claim in a declaratory judgment action that school board was a necessary party to the action where “(t]he committee [did] not contribute to the retirement fund, nor [had] it any obligation to pay any retirement benefits to any retiree”). Consequently, this court finds that the plaintiff correctly named all necessary parties to this action, as complete relief can be accorded among the already named parties.

C. Business Litigation Session

The defendant requests that this court transfer this matter to the Suffolk Superior Court Business Litigation Session (“BLS”). The plaintiff objects to this request, arguing that this matter can be properly adjudicated in this court. This court declines to indulge the defendant’s request.
By Administrative Directive No. 03-1, the Chief Justice of the Superior Court opened the discretionary venue of the BLS to accept cases that would otherwise have venue in the judicial districts or counties of Essex, Middlesex, or Norfolk. Administrative Directive No. 03-1 did not, however, as it could not, change the venue statutes as they currently appear in the General Laws. G.L.c. 223, §1. Both parties must waive the statutory venue to be effective. Paige v. Sinclair, 237 Mass. 482, 484 (1921). Consequently, because the plaintiff objects to transfer of this matter to the BLS, statutory venue for this case lies in Middlesex County and the defendant’s request is denied.

ORDER

It is therefore ORDERED that the defendant’s motion to dismiss the plaintiffs complaint be DENIED.

Based upon the information available to the court, Al-meida has not yet filed a complaint against the plaintiff.