Greco, PJ.
The plaintiff, David Murch (“Murch”), filed a complaint in the Malden District Court against the defendant, Warren Laskey (“Laskey), seeking damages for Laskey’s “failure to compensate [him] for start-up costs related to their joint business venture and failure to equally distribute company earnings.” Both parties resided in Massachusetts. In his complaint, Murch alleged that he and Laskey agreed that Murch “would initially pay for the start-up costs for the new business” for which Laskey would “reimburse” him, and that they would equally divide the profits of the company. Murch thereafter incurred costs for such items as establishing a Web site, designing a logo, buying stationary, opening a bank account, obtaining a “radiation” license, arranging for storage space for equipment, along with attorney’s fees for drafting an “Operating Agreement and producing the required filings to incorporate” the proposed business. The above services were alleged to have been provided in August, 2011. It was also alleged that “ [beginning in September 2011, [Murch] assisted [Laskey] in the prosecution of all of [the LLC’s] inspections.” Finally, Murch alleged that Laskeys “hostile behavior” and “refusal to train him” forced him “to abandon participation” in the business. The complaint did not allege at what date the business officially became a limited liability corporation.[1]
After a hearing, the trial judge allowed Laskeys motion to dismiss with the notation: “For Non joinder of a party, namely the LLC. There’s no prejudice to the plaintiff because he can litigate claim in New Hampshire where LLC is/was incorporated.”[2] In Golchin v. Liberty Mut. Ins. Co., 460 Mass. 222, 223 (2011), the Supreme Judicial Court summarized the standard of review on a motion to dismiss as follows:
In reviewing the sufficiency of a complaint under rule 12(b)(6), “[w]e take as true ‘the allegations of the complaint, as well as such inferences as *215 may be drawn therefrom in the plaintiffs favor. “What is required at the pleading stage are factual ‘allegations plausibly suggesting (not merely consistent with)’ an entitlement to relief. ...” “Factual allegations must be enough to raise a right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ...” (citations omitted).
As to the grounds for dismissal here, Rule 19 of the Massachusetts Rules of Civil Procedure provides, in relevant part, that a “person who is subject to service of process shall be joined as a party in the action if... in his absence complete relief cannot be accorded among those already parties,” Rule 19(a) (1), or if the failure to join would “leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.” Rule 19(a) (2) (ii). That a party may be able to provide relevant evidence or may have an interest in the subject matter of the litigation alone does not render that person a necessary party. See Kaarela v. Birkhead, 33 Mass. App. Ct. 410, 413 (1992).
In this case, the issue is whether the LLC must be joined. The LLC, however, was not in existence at the time of the events discussed above, with the possible exception of the “prosecution of inspections.” In 1994, this Division noted that in Massachusetts, a contract made by a promoter on behalf of a corporation not yet in existence “has long been held to be enforceable by and against only the promoter and not the subsequently formed corporation, even in the event of subsequent adoption or ratification by the corporation.” Copp v. Hague, 1994 Mass. App. Div. 11, 12-13, citing Abbott v. Hapgood, 150 Mass. 248, 252 (1889). However, in Copp, citing Holyoke Envelope Co. v. United States Envelope Co., 182 Mass. 171 (1902), we also recognized that “[w]hile never renounced, the [Massachusetts] rule has been gradually eviscerated.” Id. at 13. See, for example, Framingham Sav. Bank v. Szabo, 617 F.2d 897 (1st Cir. 1980), where the First Circuit characterized the rule in Massachusetts as “the extreme minority position.” Id. at 898. The First Circuit also noted that “ [m] ost states hold that a corporation can be bound to a pre-incorporation agreement by some signal of knowing ratification or adoption of the contract,” or “if its post-incorporation acts are sufficient independently to bind it to a new contract.” Id.
In the matter before us, based on the allegations in the complaint, both Murch and Laskey could be considered “promoters” of the LLC. See In re Access Cardiosystems, 340 B.R. 127 (Bankr. D. Mass. 2006), where it was stated that “[a] ‘promoter’ is one who ‘participates in the formation of a corporation or some other joint business venture, and takes steps to put it in a position to transact the business for which it is intended.’” Id. at 147, quoting Café la France, Inc. v. Schneider Sec., Inc., 281 F. Supp.2d 361, 373 (D. RI. 2003). “As such, [a promoter] would be liable upon, and entitled to the benefits of, contracts that he had made on behalf of the corporation to be formed.” Island Transp. Co. v. Cavanaugh, 54 Mass. App. Ct. 650, 654 (2002). However, a promoter would not be personally liable for breach of a preincor-poration contract he makes on behalf of the nonexistent corporation if “the circumstances demonstrate that the other party looked only to the corporation for performance” (emphasis added). Productora e Importadora de Papel, S A. de C.V. v. Fleming, *216 376 Mass. 826, 836 (1978). In Productora, the Supreme Judicial Court also held that “a corporate promoter is not liable, by reason of his promoter status alone, and in the absence of an agency relationship between promoters, on pre-incorporation contracts made by other promoters.” Id.
In the circumstances of this case, we conclude that the allegations in the complaint, while somewhat skimpy, were sufficient to survive a motion to dismiss. Most importantly, Murch alleged that Laskey, himself, as opposed to the LLC, once established, would reimburse him for “the start-up costs for the new business.” It could even be inferred that Laskey was more in charge of the preincorporation activities, and that Murch was performing these services at his direction in the nature of an agency relationship. Moreover, there is nothing in the record to indicate that the LLC ratified or adopted Laskey’s agreement.[3] Indeed, there are no allegations of any postcorporation acts. Finally, we note that there is no basis at this time to conclude that a trial between these two parties in Massachusetts will expose Laskey to multiple lawsuits, although Murch may have to contemplate bringing an action solely against the LLC in New Hampshire if he does not recover all the damages he seeks in this action in the event that some of his services (for example the “inspections”) are deemed to have been provided after the LLC came into existence.[4]
Accordingly, the judgment of dismissal and the allowance of the defendant’s motion to dismiss are vacated, and the matter is returned to the Malden District Court for further proceedings.
So ordered.

 At the hearing on the motion to dismiss, Murch’s counsel stated that the LLC was formed on September 2, 2011, but Laskeys counsel stated it was formed on September 6, 2011. However, in their briefs, both parties appear to agree on the September 6th date.

 The trial court apparently was not suggesting that the LLC was subject to jurisdiction under the Massachusetts long-arm statute, G.L.c. 223A, §3.

 It may be that such an allegation could be raised in a motion for summary judgment.

 It would not appear that profits of the LLC are at issue here since Murch and Laskey parted company before the LLC came into existence.