The plaintiff, Aleksandr Chuduk, an owner of a trucking corporation, Fair Port, Inc. (Fair Port), appeals from a Superior Court judgment. He argues that the judge erred in allowing the defendants' motions for summary judgment and abused her discretion by denying his motion to amend the complaint and striking his reply briefs. The lawsuit arises out of defendant Maxim Avraamov's embezzlement of money and other property from Fair Port. Because the claims against Avraamov for breach of contract and the claims arising from those breaches -- breach of the duty of good faith and fair dealing, constructive trust, and restitution -- and the claim of violation of G. L. c. 93A state injuries to the plaintiff personally, we reverse the judgment as to those counts. We affirm the remainder of the judgment.
1. Standard of review. "Summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." Caira v. Zurich Am. Ins. Co., 91 Mass. App. Ct. 374, 380 (2017). See Biewald v. Seven Ten Storage Software, Inc., 94 Mass. App. Ct. 376, 382 (2018). "We review a decision to grant summary judgment de novo, construing all facts in favor of the nonmoving party." Caira, supra at 380-381. See Deutsche Bank Nat'l Trust Co. v. Fitchburg Capital, LLC, 471 Mass. 248, 252-253 (2015). "In deciding a motion for summary judgment the court may consider the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits." Niles v. Huntington Controls, Inc., 92 Mass. App. Ct. 15, 18 (2017).
2. Direct or derivative suit. As a matter of Delaware law, whether a claim is direct or derivative "turns solely on: '(1) who suffered the alleged harm (the corporation or the suing stockholders, individually); and (2) who would receive the benefit of any recovery or other remedy (the corporation or the suing stockholders, individually).' "[3] Askenazy v. KPMG LLP, 83 Mass. App. Ct. 649, 652 (2013), quoting Tooley v. Donaldson, Lufkin & Jenrette, Inc., 845 A.2d 1031, 1033 (Del. 2004). Here, many of the plaintiff's claims against Avraamov and his wife, defendant Oleysa Avraamova, are premised on wrongs Avraamov committed against Fair Port. For these claims, the plaintiff cannot properly bring a direct suit against Avraamov and Avraamova because it is Fair Port, not the plaintiff, that suffered the harm and would receive the benefit of any recovery. See Culverhouse v. Paulson & Co., 133 A.3d 195, 198-199 (Del. 2016). Avraamov wrote and cashed at least forty fraudulent checks, all charged to Fair Port, totaling $ 47,362. Avraamov also deposited checks into a bank account that he had surreptitiously created, rather than depositing the money into Fair Port's account. Avraamov deposited at least seventeen checks into this secret account, stealing approximately $ 59,440.90. The plaintiff's claims against Avraamov for breach of fiduciary duty, fraud, deceit, and negligent misrepresentation, and his claims against Avraamov and Avraamova for money had and received all are premised on these thefts from Fair Port. Despite the plaintiff's ownership of Fair Port and his contractual claim to the first $ 200,000 of Fair Port's profits, the fact remains that Avraamov stole from Fair Port, not from the plaintiff, and Fair Port, not the plaintiff, would be entitled to repayment. See Quarterman v. Springfield, 91 Mass. App. Ct. 254, 262 (2017) ("As a general rule, a shareholder does not have standing to sue to redress an injury to the corporation in which he holds an interest").
Moreover, the plaintiff could not have successfully prosecuted a derivative lawsuit under Delaware law. "[T]he right of a stockholder to prosecute a derivative suit is limited to situations where the stockholder has demanded that the directors pursue the corporate claim and they have wrongfully refused to do so or where demand is excused because the directors are incapable of making an impartial decision regarding such litigation." Rales v. Blasband, 634 A.2d 927, 932 (Del. 1993). Here, at the time of the suit, the plaintiff and possibly Alexander Merk were the sole owners and shareholders of Fair Port and could have caused Fair Port to bring suit. See id. at 934 n.9 (stockholder may bring derivative suit against third party on behalf of corporation but demand should not be automatically excused). Had Fair Port sued to collect damages, the plaintiff ultimately would have benefited. Nonetheless, the plaintiff, as an individual, may not bring either a direct or derivative suit on behalf of a corporation he controls.
3. Breach of contract; breach of duty of good faith and fair dealing; and restitution. In early 2011, the plaintiff and Avraamov entered into an oral contract to establish Fair Port as joint owners, each owning fifty per cent of the corporation's shares.[4] As part of this agreement, the plaintiff dissolved Freightport, Inc. (Freightport), and allowed Fair Port to take over all of Freightport's prior business. The parties agreed that the first $ 200,000 of profits received from Fair Port would be used to repay the plaintiff the money he had invested in Freightport, and that, after the plaintiff had recouped his investment, Fair Port profits would be shared equally.
Both the plaintiff and Avraamov can be considered promoters of Fair Port. A promoter of a corporation is one who "participates in the formation of a corporation or some other joint business venture, and takes steps to put it in a position to transact the business for which it is intended." Cafe La France, Inc. v. Schneider Sec., Inc., 281 F. Supp. 2d 361, 373 (D.R.I. 2003). A promoter "would be liable upon, and entitled to the benefit of, contracts that he had made in behalf of the corporation to be formed." Island Transp. Co. v. Cavanaugh, 54 Mass. App. Ct. 650, 654 (2002). On the other hand, a promoter would not be liable for breach of a contract that was made on behalf of the corporation where "the circumstances demonstrate that the other party looked only to the corporation for performance." Productora e Importadora de Papel, S.A. de C.V. v. Fleming, 376 Mass. 826, 836 (1978).
Here, the agreement that the plaintiff would recoup his investment before Avraamov received any profits of Fair Port was made as part of the agreement to form Fair Port. As a promoter of Fair Port, the plaintiff is entitled to the benefits of this contract he made with Avraamov "in behalf of the corporation to be formed." Island Transp. Co., 54 Mass. App. Ct. at 654. Avraamov, also as a promoter of Fair Port, is liable for breach of the same contract. See ibr.US_Case_Law.Schema.Case_Body:v1">id. The contract made between the two required that Avraamov refrain from taking any money out of Fair Port before the plaintiff had recouped his investment,[5] and thus this is not a contract where, at least for summary judgment purposes, the plaintiff looked only to the corporation for performance. See Productora e Importadora de Papel, S.A. de C.V., 376 Mass. at 836.[6] Accordingly, summary judgment should not have been granted on this contract claim.
The plaintiff also has presented a genuine issue of material fact regarding Avraamov's breach of the contract winding up his interest in Fair Port. Prior to buying Avraamov's interest in Fair Port, the plaintiff and Merk entered into an agreement with Avraamov that he would transfer to the plaintiff the titles of eight trailers that the plaintiff and Avraamov held jointly, as well as registrations and related documents for two tractors that were held in the plaintiff's name, but were still in Avraamov's possession. Because these assets and documents were to be transferred to the plaintiff, not Fair Port, the plaintiff has raised a genuine issue whether Avraamov breached a contractual duty to the plaintiff personally to transfer the vehicles and related papers to him. See Donahue v. Draper, 22 Mass. App. Ct. 30, 41 (1986). Accordingly, summary judgment should not have been granted on this contract claim.
The plaintiff's claims of breach of the duty of good faith and fair dealing and restitution arise from the plaintiff's personal contract claims.[7] "The covenant of good faith and fair dealing is implied in every contract." Brown v. Savings Bank Life Ins. Co. of Mass., 93 Mass. App. Ct. 572, 588 (2018). Because the plaintiff has raised a genuine issue of material fact as to whether Avraamov breached the contract to form Fair Port by embezzling money from Fair Port, the plaintiff's claim of breach of the duty of good faith and fair dealing survives summary judgment. See A.L. Prime Energy Consultant, Inc. v. Massachusetts Bay Transp. Auth., 479 Mass. 419, 434 (2018) (covenant of good faith and fair dealing requires that party to contract not destroy or injure another party's right to benefit of contract). Similarly, the plaintiff's claim for restitution follows for the breaches of both the contract to form Fair Port and the contract to wind up Avraamov's interest in Fair Port, as we permit the injured party in a breach of contract suit to recover " 'restitution damages,' that is, 'an amount corresponding to any benefit conferred by the plaintiff upon the defendant in the performance of the contract disrupted by the defendant's breach.' " Fecteau Benefits Group, Inc. v. Knox, 72 Mass. App. Ct. 204, 209 (2008), quoting Sullivan v. O'Connor, 363 Mass. 579, 583 (1973).
4. Constructive trust. A "constructive trust, implied by law as a result of mistake, violation of a fiduciary duty, or unjust enrichment, may be imposed, generally as between transferor and transferee, without proof of fraudulent intent." Cavadi v. DeYeso, 458 Mass. 615, 627 (2011). A constructive trust may be used to remedy a breach of contract where "failure to impose the trust would result in the unjust enrichment of another." Nile v. Nile, 432 Mass. 390, 401 (2000). Accord Stevens v. Nagel, 64 Mass. App. Ct. 136, 138-139 (2005) (constructive trust may be used to remedy embezzlement of funds). Here, the plaintiff has raised a genuine issue of material fact whether Avraamov has wrongfully maintained possession of vehicles and other assets as a result of a breach of contract and thus unjustly enriched himself. Accordingly, the plaintiff has raised a genuine issue of material fact regarding whether a constructive trust can be implied to remedy Avraamov's wrongful actions and the consequent harm to the plaintiff personally. See id. at 138-140.
5. General Laws c. 93A, § 11. General Laws c. 93A, § 11, provides "a cause of action for those 'engaged in the conduct of any trade or commerce' who suffer damages 'as a result of the use or employment by another person who engages in any trade or commerce of an unfair method of competition or an unfair or deceptive act or practice.' " Beninati v. Borghi, 90 Mass. App. Ct. 556, 566 (2016), quoting G. L. c. 93A, § 11, as amended by St. 1986, c. 363, § 1. A breach of contract, "without more, does not amount to an unfair or deceptive act under G. L. c. 93A." Bank of Am., N.A. v. Prestige Imports, Inc., 75 Mass. App. Ct. 741, 770 (2009), quoting Framingham Auto Sales, Inc. v. Workers' Credit Union, 41 Mass. App. Ct. 416, 418 (1996). Instead, "[t]o determine whether a business practice is unfair under G. L. c. 93A, § 11, we assess '(1) whether the practice ... is within at least the penumbra of some common-law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; [and] (3) whether it causes substantial injury.' " Barron Chiropractic & Rehabilitation, P.C. v. Norfolk & Dedham Group, 469 Mass. 800, 811 (2014), quoting PMP Assocs., Inc. v. Globe Newspaper Co., 366 Mass. 593, 596 (1975). The fact that a defendant's primary interaction was with the plaintiff's company does not bar a G. L. c. 93A action by the plaintiff where the parties were "engaged in more than a minor or insignificant business relationship." Giuffrida v. High Country Investor, Inc., 73 Mass. App. Ct. 225, 238 (2008), quoting Standard Register Co. v. Bolton-Emerson, Inc., 38 Mass. App. Ct. 545, 551 (1995) (c. 93A claim viable even though defendant dealt with plaintiffs as officers and shareholders of company). See Reisman v. KPMG Peat Marwick LLP, 57 Mass. App. Ct. 100, 125a-125b (2003) (c. 93A claim viable where defendant was in direct contact with shareholder plaintiffs during business transaction). Contrast Imprimis Investors, LLC v. KPMG Peat Marwick LLP, 69 Mass. App. Ct. 218, 230 (2007) (c. 93A claim improper where plaintiffs had no relationship or contact with defendant).
Here, the plaintiff suffered a loss of money as a result of the unfair and deceptive acts of Avraamov. See Giuffrida, 73 Mass. App. Ct. at 237-238. At the very least, Avraamov engaged in an unfair and deceptive practice when he negotiated to sell his share of Fair Port to the plaintiff and Merk while citing Fair Port's failure to make a profit and continuing to hide his embezzlement. See Exhibit Source, Inc. v. Wells Ave. Business Ctr., LLC, 94 Mass. App. Ct. 497, 501 (2018) (violation of c. 93A where landlord falsely claimed tenant's security deposit after landlord promised to return it but had no intention of doing so). See also Giuffrida, supra at 239-240 (jury could find violation of c. 93A where defendant claimed that certain privileges to plaintiffs would continue under proposed contract when defendant knew those privileges would terminate). In late 2012, Avraamov began pressuring the plaintiff and Merk to close Fair Port and negotiated an agreement in which the plaintiff and Merk would buy his interest in Fair Port for $ 40,000. In fact, the plaintiff made two $ 4,000 payments to Avraamov before discovering his theft. As a reasonable fact finder could conclude that the plaintiff had a significant business relationship with Avraamov and suffered personal harm as a result of Avraamov's unfair and deceptive conduct, summary judgment should not have been granted on this count. See Barron Chiropractic & Rehabilitation, P.C., 469 Mass. at 811.
6. Negligence claims against Pilot Travel Centers LLC (Pilot). "Before liability for negligence can be imposed, there must first be a legal duty owed by the defendant to the plaintiff, and a breach of that duty proximately resulting in the injury." Dos Santos v. Coleta, 465 Mass. 148, 154 (2013), quoting Davis v. Westwood Group, 420 Mass. 739, 742-743 (1995). Whether the plaintiff can make out a claim for negligence turns on whether Pilot owed the plaintiff a duty of care -- a question of law determined by the court, based on "existing social values and customs and appropriate social policy." Medina v. Hochberg, 465 Mass. 102, 106 (2013), quoting O'Sullivan v. Shaw, 431 Mass. 201, 203 (2000). Pilot did not owe the plaintiff, a third party unknown to Pilot, any duty to investigate or inquire into possible misappropriation of funds. Cf. Go-Best Assets, Ltd. v. Citizens Bank of Mass., 463 Mass. 50, 54 (2012) ("A bank generally does not have a duty to investigate or inquire into the withdrawal of deposited funds by a person authorized to draw on the account to ensure that the funds are not being misappropriated," unless bank has actual knowledge of misappropriation). Rather, Pilot's duty was to the corporate entity with which it was dealing. Accordingly, the motion judge properly granted summary judgment for Pilot.[8]
7. Amendment of complaint. We review the motion judge's denial of the plaintiff's motion to amend his complaint for abuse of discretion. See Spillane v. Adams, 76 Mass. App. Ct. 378, 390 (2010). Accord Sarnafil, Inc. v. Peerless Ins. Co., 418 Mass. 295, 307 (1994) (judge did not abuse discretion in denying motion to amend insured's complaint by adding new allegations of fact after insurer's summary judgment motion was allowed). The plaintiff's proposal, raised after discovery closed, to transform his lawsuit to a shareholder derivative action lacked merit, if for no other reason, because he failed to make a demand of Fair Port. Accordingly, as amendment would have been futile, the motion judge did not abuse her discretion.[9] See Blauvelt v. AFSCME Council 93, Local 1703, 74 Mass. App. Ct. 794, 797-798 (2009).
8. Conclusion. For the reasons stated above, so much of the judgment that dismisses count 4 (breach of contract), count 5 (breach of the duty of good faith and fair dealing), count 6 (constructive trust), count 8 (restitution) as to Avraamov, and count 13 (violation of G. L. c. 93A) is reversed. The judgment is otherwise affirmed.
So ordered.
reversed in part; affirmed in part.

The plaintiff argues that a direct suit is proper under Massachusetts law. Delaware, however, is the State of Fair Port's incorporation and therefore dictates the law concerning the internal affairs of the corporation. See Harrison v. NetCentric Corp., 433 Mass. 465, 472 (2001). See also Astra USA, Inc. v. Bildman, 455 Mass. 116, 119 n.4 (2009) (Massachusetts has long-standing policy of applying law of State of incorporation to internal corporate affairs). In any event, the plaintiff's direct action for breach of fiduciary duty, fraud, deceit, negligent misrepresentation, and money had and received would still fail under Massachusetts law. See International Bhd. of Elec. Workers Local No. 129 Benefit Fund v. Tucci, 476 Mass. 553, 563 n.14 (2017) ("whether a claim is direct or derivative is governed by whether the harm alleged derives from the breach of a duty owed by the alleged wrongdoer ... to the shareholders or the corporation"). Similarly, it would fail under Connecticut law. See May v. Coffey, 291 Conn. 106, 115 (2009), quoting Smith v. Snyder, 267 Conn. 456, 461 (2004) ("shareholder -- even the sole shareholder -- does not have standing to assert claims alleging wrongs to the corporation").

At the end of 2012 or the beginning of 2013, the plaintiff and Merk bought out Avraamov's ownership interest in Fair Port.

To the extent Avraamov argues that there was inadequate proof of corporate profits, the plaintiff has shown at least a genuine issue of material fact whether he received the agreed-upon $ 200,000 prior to Avraamov's embezzlement.

Although Avraamov may be liable on contracts he made on behalf of the corporation, he cannot be held liable for any such contracts made by other promoters of the corporation. See Productora e Importadora de Papel, S.A. de C.V., 376 Mass. at 836.

As we find in the plaintiff's brief no discussion of the restitution claim against Avraamova that rises to the level of appropriate appellate argument, we do not address it. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975); K.A. v. T.R., 86 Mass. App. Ct. 554, 567 (2014).

"Although we have concluded that the plaintiff's claims are without merit, we do not consider them frivolous." Holmes v. Andersen, 94 Mass. App. Ct. 472, 476 n.8 (2018). Accordingly, Pilot's request for attorney's fees is denied.

We do not address the plaintiff's claim that the motion judge improperly struck his reply briefs because it has no impact on our decision.